GREENBERG TRAURIG, LLP
GREGORY F. HURLEY (SBN 126791)
E-mail:  hurleyg@gtlaw.com
MICHAEL J. CHILLEEN (SBN 210704)
E-mail:  chilleenm@gtlaw.com
3161 Michelson Drive, Suite 1000
Irvine, California 92612
Telephone: (949) 732-6500
Facsimile: (949) 732-6501

*Attorneys for Defendant,*
*RALPHS GROCERY COMPANY*

BRODSKY & SMITH, LLC
Evan J. Smith (SBN 242352)
E-mail:  esmith@brodsky-smith.com
Jason L. Brodsky, Esquire (*pro hac vice*)
Two Bala Plaza, Suite 602
Bala Cynwyd, PA 19004
Telephone:  (610) 667-6200
Facsimile:  (610) 667-9029

BERGER & MONTAGUE
Todd S. Collins (admitted *pro hac vice*)
Douglas Risen (admitted *pro hac vice*)
1622 Locust Street
Philadelphia, PA 19102
Telephone:  (215) 875-3000
Fax:  (215) 875-4604

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| HENRY PEREIRA, an individual on behalf of himself and all others similarly situated,<br><br>and<br><br>AMERICAN DISABILITY INSTITUTE, a non-profit Pennsylvania Corporation, on behalf of itself and all others similarly situated,<br><br>       Plaintiffs,<br><br>vs.<br><br>RALPHS GROCERY COMPANY,<br><br>       Defendant | CASE NO. CV 07-841 PA (FFMx)<br><br>**MASTER STIPULATION  RE: CLASS ACTION SETTLEMENT** |

Plaintiffs American Disability Institute ("ADI"), Henry Pereira ("Pereira"), Sung Park ("Park"), and Rosaura Navar ("Navar"), and defendant Ralphs Grocery Company ("Ralphs") hereby agree to resolve all claims raised in the two pending lawsuits between them as follows.

## 1.    DEFINITIONS

The following terms have the stated meaning when used in this Settlement Agreement unless the context clearly supplies a different meaning:

**1.1**    "Complaints" shall mean the complaint filed by plaintiffs American Disability Institute and Henry Pereira on January 17, 2007, bearing Case No. CV 07-841 PA and the complaint filed by plaintiffs American Disability Institute, Sung Park, and Rosaura Navar on February 25, 2008, bearing Case No. CV 08-02021 CAS.

**1.2**    "Defendant" or "Ralphs" shall mean Ralphs Grocery Company and its successors in interest, and all of their officers, directors, landlords, subtenants, contractors, employees, and agents.

**1.3**    "Effective Date" shall mean the date on which the Court enters its order approving this Settlement Agreement.

**1.4**    "Final Approval" shall mean the date on which the Court, after notice and the holding of a fairness hearing, grants final approval of this Settlement Agreement.

**1.5**    "Plaintiffs" shall mean American Disability Institute, Henry Pereira, Sung Park, and Rosaura Navar.

**1.6**    "Order" shall mean the order of the Court issuing Final Approval of this Settlement Agreement.

**1.7**    "Pereira Action" shall mean the action filed by plaintiffs American Disability Institute and Henry Pereira on January 17, 2007, bearing Case No. CV 07-841 PA.

**1.8**    "Plaintiff Class" shall mean all individuals with disabilities who use wheelchairs or electric scooters for mobility who were denied, are currently denied, or will be denied on the basis of disability, full and equal enjoyment of the goods, services,

facilities, privileges, advantages, or accommodations at any of Ralphs Grocery Company's Stores in California.

**1.9** "Plaintiffs' Attorneys" shall mean Brodsky & Smith, LLC and Berger & Montague, PC.

**1.10** "Preliminary Approval" shall mean the preliminary approval by the Court of the terms of this Settlement Agreement, which shall occur prior to any notice being provided.

**1.11** "Settlement Agreement" shall mean this Master Stipulation re: Class Action Settlement.

**1.12** "Stores" shall mean any and all of Ralphs Grocery Company's existing stores in California as of the Effective Date, including the parking facilities and outdoor seating areas serving such stores.

**1.13** "Park Action" shall mean the action filed by plaintiffs American Disability Institute, Sung Park, and Rosaura Navar on February 25, 2008, bearing Case No. CV 08-02021 CAS.

**1.14** "The Kroger Company" shall mean The Kroger Company, its subsidiaries and successors in interest, and their officers, directors, contractors, landlords, subtenants, employees, and agents.

**2.** **FACTS AND PROCEDURAL HISTORY**

**2.1** *Pereira v. Ralphs Grocery Company,* **Case No. CV 07-841 PA**

On January 17, 2007, plaintiffs ADI and Pereira filed the Pereira Action alleging violations of Title III of the Americans with Disabilities Act (the "ADA") with respect to the accessibility of Ralphs stores.  Further violations of state law were also alleged seeking relief under California Civil Code §51 et seq. (the Unruh Civil Rights Act), and California Civil Code §54 et seq. (the Disabled Persons Act).  The complaint sought injunctive and declaratory relief as well as monetary damages.

MASTER STIPULATION RE CLASS ACTION SETTLEMENT        Case No. CV 07-841 PA (FFMx)

On February 9, 2007, Ralphs answered the complaint denying that it had violated any of the above referenced statutory provisions and denying all other material allegations of the complaint, and asserting numerous affirmative defenses.

On June 8, 2007, the parties attended a day long settlement conference. The settlement conference was governed by the parties' Stipulation Regarding Selection of Attorney Settlement Officer, Settlement Procedure No. 2.

On July 2, 2007, the Court entered its order certifying a plaintiff class consisting of "all individuals with disabilities who use wheelchairs or electric scooters for mobility who, during a time period to be determined by the Court were denied, or are currently denied, on the basis of disability, full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations" with plaintiffs Pereira and ADI serving as class representatives.

The Pereira Action sought chain wide relief at all Ralphs Stores in California and was certified as a F.R.C.P. 23(b)(2) injunctive class.

The Pereira Action was dismissed by the Court as moot, following Ralphs' efforts to remediate the alleged violations. The dismissal was later reversed by the Ninth Circuit Court of Appeals.

## 2.2   *Park v. Ralphs Grocery Company*, Case No. CV 08-02021 CAS

On February 25, 2008, plaintiffs ADI, Park and Navar filed the Park Action alleging violations of Title III of the ADA with respect to the accessibility of additional Ralphs stores in California. As in the Pereira Action, violations of state law were also alleged seeking relief under the Unruh Civil Rights Act and the Disabled Persons Act. The complaint sought injunctive and declaratory relief as well as monetary damages.

On April 1, 2008, Ralphs answered the complaint denying that it had violated any of the above referenced statutory provisions and denying all other material allegations of the complaint, and asserting numerous affirmative defenses. On April 4, 2008, Ralphs filed an amended answer, adding an additional affirmative defense.

MASTER STIPULATION RE CLASS ACTION SETTLEMENT        Case No. CV 07-841 PA (FFMx)

On October 6, 2008, Judge Snyder entered an order certifying a plaintiff class consisting of "all individuals with disabilities who use wheelchairs or electric scooters for mobility who, during a time period to be determined by the Court were denied, or are currently being denied, on the basis of disability, full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of all corporate owned Ralphs' Grocery Company stores in California."  As in the Pereira Action, the class was certified as a F.R.C.P. 23(b)(2) injunctive class.

Throughout the Park Action, the parties have engaged in voluntary and court-ordered settlement discussions.  Pursuant to the parties' Stipulation Regarding Selection of Attorney Settlement Officer, Settlement Procedure No. 2, the parties attended day long settlement conferences on July 17, 2009 and August 27, 2009.

**3.     NATURE AND EFFECT OF SETTLEMENT**

**3.1.   No Admission**

In entering into this Settlement Agreement, Defendant does not admit any wrongdoing or liability to Plaintiffs, or any entitlement by Plaintiffs to any relief under any claim upon which relief is sought in their Complaints or any other matter, nor does Defendant admit that Plaintiffs have met or can meet the legal standards for a preliminary or permanent injunction or a declaratory judgment to issue.  To the contrary, Defendant asserts that it is, and has been, in full compliance with both state and federal law.

**3.2.   Settlement Purpose and Scope**

3.2.1.  To avoid the costs, expense, and uncertainty of protracted litigation, Plaintiffs and Defendant agree to enter into this Settlement Agreement; that it shall be binding upon the Defendant, the Plaintiffs, and upon all members of the Plaintiff Class; and that it shall extinguish all injunctive or declaratory relief claims based upon, or which could have been based upon or arise from, any matter alleged in the Complaints.  This Settlement Agreement shall constitute the final and complete resolution of all issues addressed herein.  Further, this Settlement Agreement shall be in full, complete, and final disposition and settlement of any and all injunctive and/or declaratory relief claims that

are alleged or could have been alleged in these actions and/or that Plaintiffs and/or members of the Plaintiff Class had, have, or will have against Defendant based on events before the Final Approval, and which relate to Plaintiffs' claims and/or relate to the statutes or regulations on which they are based and/or relate to any state or federal law, rule or regulation relating to the accessibility of all or any of Defendant's Stores or of all or any of Defendant's goods, services, facilities, privileges, advantages, or accommodations therein.  The doctrines of res judicata and collateral estoppel shall apply to the Named Plaintiffs and all members of the Plaintiff Class.

       3.2.2.  Plaintiffs, Plaintiffs' Attorneys' and Defendant agree that with respect to each and every issue pertaining to mobility accessibility, Defendant's compliance with the terms of the agreed-upon resolution set forth in the Exhibits hereto, shall constitute on behalf of the Plaintiffs and the Plaintiff Class compliance with all federal and state laws, rules or regulations relating to nondiscrimination on the basis of mobility disability or accessibility of any and all of Defendant's Stores or of any and all of Defendant's goods, services, facilities, privileges, advantages, or accommodations therein, unless the alteration provisions of the ADA are triggered by a subsequent, future store alteration, in which case those alteration provisions shall apply to the altered portion of the subject store(s).  Accordingly, Defendant may, but need not, do anything more than what is provided in the Exhibits hereto to be, and to have been, in full compliance with all applicable laws, rules or regulations relating to nondiscrimination on the basis of mobility disability or accessibility of any and all of Defendant's Stores and of any and all of Defendant's goods, services, facilities, privileges, advantages, or accommodations therein, unless and until the alteration provisions of the ADA are triggered by a subsequent, future store alteration, in which case those alteration provisions shall apply to the altered portion of the subject store(s).

       3.2.3.  With respect to the injunctive relief granted herein, neither the Plaintiffs nor any member of the Plaintiff Class shall contend in any future proceeding that the agreed-upon resolution of any issue set forth in the Exhibits hereto is inadequate

under any state or federal laws, rules or regulations relating to nondiscrimination on the basis of mobility disability or accessibility of Defendant's Stores or of any and all of Defendant's goods, services, facilities, privileges, advantages, or accommodations therein.  The purpose of this section is to prevent relitigation of the injunctive issues settled herein through any litigation including, without limitation, suits for damages by members of the Plaintiff Class that have the purpose or effect of challenging or disputing the injunctive relief or remedy provided for herein.

3.2.4. This Settlement Agreement does not affect class members' rights to pursue damages claims.

3.2.5.  For a full and final release of the named plaintiffs' damage claims, Defendant will pay each of Pereira, Park, and Navar the sum of $4,000.  Attached hereto as Exhibits "1," "2," and "3" are their respective individual settlement agreements.

3.2.6.  The parties jointly request that, following entry of this Settlement Agreement, the Court enter final judgment under Federal Rule of Civil Procedure 54(b) dismissing the Pereira Action as described below.

## 4.   PROCEDURE

### 4.1   Court Approval

This Settlement Agreement shall be subject to Court approval.  However, nothing in this Settlement Agreement shall be deemed to authorize the Court to change or vary any of its terms.

### 4.2   Preliminary Approval By The Court Of The Settlement Agreement

The parties will jointly move for Preliminary Approval of this Settlement Agreement in the Pereira Action, along with a request for an order directing notice to the Plaintiff Class and setting forth procedures and deadlines for comments and objections, including scheduling a fairness hearing.

### 4.3   Class Action Fairness Act ("CAFA")

Within ten days of the date that this Settlement Agreement is filed in the Court for Preliminary Approval, Defendant will provide notice of this Settlement Agreement as

required by CAFA (28 U.S.C. § 1715(b)) to the U.S. Attorney General and the California Attorney General.

### 4.4    Notice To Class

The parties shall jointly recommend to the Court that the notice be provided as follows: Defendant shall issue a Detailed Notice of Proposed Class Action Settlement in the form attached hereto as Exhibit "4" and a Summary Notice Of Proposed Class Action Settlement in the form attached hereto as Exhibit "5."  Defendant shall publicize the notices as set forth in Exhibit "6."  Members of the settlement class shall have an opportunity to object to the proposed Settlement Agreement, but may not opt-out.

### 4.5    Fairness Hearing

The parties shall jointly request that the Court conduct a hearing to establish the fairness of this final settlement of the claims of the Plaintiff Class against Defendant and to decide whether there shall be Final Approval of the settlement embodied in this Settlement Agreement.  At this hearing, the parties shall jointly move for and recommend Final Approval of this settlement and entry of the within order.  The fairness hearing shall take place at a date allowing for such period of notice to the Plaintiff Class as the Court may direct.

In order to prevent spurious objections to the settlement, *see* Newberg on Class Actions, § 11.56 (4th Ed. 2002), the parties propose that at the fairness hearing, the only class members who will be permitted to address the Court, in person or through an attorney, are those who, no later than 14 days prior to the fairness hearing, have filed a written objection with (a) the name and number of the lawsuit, (b) the person's full name and address, (c) a statement whether the person intends on appearing at the fairness hearing, (d) a statement that the person is a member of the class alleged herein, (e) the date and location of the store(s) at which the person suffered discrimination, (f) a detailed statement of the person's specific objections and grounds for such objections, and (g) copies of all documents and writings the person desires the Court to consider.

MASTER STIPULATION RE CLASS ACTION SETTLEMENT       Case No. CV 07-841 PA (FFMx)

No objections should be considered by the Court of any class member who fails to timely and properly submit objections as described above, and any such objections not timely and properly submitted should be deemed to have been forever waived.

### 4.6    Dismissal Of The Complaints

#### 4.6.1   Injunctive And Declaratory Relief Claims.

Upon the Court's Preliminary Approval of this Settlement Agreement in the Pereira Action and the setting of a date for the fairness hearing, Plaintiffs' Attorneys shall request that all claims for injunctive and declaratory relief in the Park Action be dismissed with prejudice conditional upon the Pereira Court's Final Approval of settlement at the fairness hearing.

#### 4.6.2   Monetary Damages Claims.

Except for the named Plaintiffs who are releasing all of their damage claims as described above, this Settlement Agreement does not affect any member of the Plaintiff Class' right to pursue damages claims.  All such damages claims in the Pereira Action and the Park Action will be dismissed without prejudice at the same time as the class injunctive and declaratory relief claims are dismissed with prejudice.

### 4.7    Additional Steps

The parties shall take all procedural steps regarding the fairness hearing that may be requested by the Court and shall otherwise use their respective best efforts to consummate this Settlement Agreement and to obtain entry of the within order and of final judgment of dismissal of the Complaints.

## 5.    SUBSTANTIVE SETTLEMENT TERMS

### 5.1    Exhibits

#### 5.1.1   Exhibit "7" hereto and Sections 5.2.1 and 5.2.2. shall constitute the final resolution of the issue of Plaintiffs' attorneys fees and costs and the payment thereof by Defendant.

5.1.2  Exhibit "8" hereto shall constitute the final resolution of Defendant's compliance with all federal and California accessibility laws.

5.1.3  Exhibit "9" hereto shall constitute the final resolution of issues related to Defendant's Disabled Patron's Policy.

5.1.4  Exhibit "10" hereto constitutes a list of all existing Ralphs Grocery Company stores in California.

**5.2  Other Matters**

5.2.1  Dispute Resolution Re Accessibility Of Ralphs' Stores.

Any party or class member may contest whether a store, feature, or work covered by this Settlement Agreement meets accessibility requirements and complies with applicable law by sending Defendant written notice at Gregory Hurley, Greenberg Traurig, LLP, 3161 Michelson Drive, Irvine, CA 92612; Fax (949) 732-6501.  The written notice of claim shall include the store address, date of visit, alleged barrier(s), and specific relief demanded.  Defendant has ninety (90) days to respond.  The parties shall negotiate in good faith to resolve any dispute.  If a dispute remains, the parties agree to binding arbitration under the arbitration rules of the American Arbitration Association ("AAA").  Attorneys fees and/or damages may not be awarded in that arbitration.

5.2.2  Dispute Resolution Re Enforcement Of Settlement Agreement.

Any party or class member may seek to enforce the terms of this Settlement Agreement by sending Defendant written notice at Gregory Hurley, Greenberg Traurig, LLP, 3161 Michelson Drive, Irvine, CA 92612; Fax (949) 732-6501.  The written notice of claim shall detail the provisions of the Settlement Agreement in dispute, and the claimant's proposed relief.  Defendant has ninety (90) days to respond.  The parties shall negotiate in good faith to resolve any dispute.  If a dispute remains, the parties agree to mediation under AAA's mediation rules.  Attorneys fees and/or damages may not be awarded in that mediation.  If a dispute remains after mediation, then the parties may seek the assistance of the Court to enforce the terms of this Settlement Agreement.

MASTER STIPULATION RE CLASS ACTION SETTLEMENT      Case No. CV 07-841 PA (FFMx)

Attorneys fees, costs, and/or damages may not be awarded in any enforcement proceedings filed with the Court.

### 5.2.3   Notice Before Additional Actions.

The class representatives -- Henry Pereira, American Disability Institute, Sung Park and Rosaura Navar -- agree to give sixty (60) days written notice and an opportunity to cure before filing any future action(s) against The Kroger Company.  Notice  to Defendant is to be sent by registered mail to Gregory Hurley, Greenberg Traurig, LLP, 3161 Michelson Drive, Irvine, CA 92612; Fax (949) 732-6501.

### 5.2.4   Construction of Settlement Agreement.

The inclusion of obligations or requirements in this Settlement Agreement shall not be construed as a concession or admission by Defendant, or a finding or determination by the Court, that, absent this Settlement Agreement, Defendant would otherwise have such obligations or requirements.  To the contrary, Defendant asserts that it is in full compliance with both state and federal law, as well as its own policies.

### 5.2.5   Term of Jurisdiction.

The Court shall retain jurisdiction for three (3) years following the Effective Date to enforce the terms of this Settlement Agreement.

## 5.3   Effect Of Settlement Agreement; Releases

5.3.1  This Settlement Agreement shall be binding upon the Defendant, the Plaintiffs, and upon all members of the Plaintiff Class, and it shall extinguish all injunctive or declaratory relief claims based upon, or which could have been based upon or arise from, any matter alleged in the Complaints.  This Settlement Agreement shall constitute the final and complete resolution of all issues addressed herein.  Further, this Settlement Agreement shall be in full, complete, and final disposition and settlement of any and all injunctive and/or declaratory relief claims that are alleged or could have been alleged in these actions and/or that Plaintiffs and/or members of the Plaintiff Class had, have, or will have against Defendant based on events before the Final Approval, and which relate to Plaintiffs' claims and/or relate to the statutes or regulations on which they

1  are based and/or relate to any state or federal law, rule or regulation relating to the

2  accessibility of all or any of Defendant's Stores or of all or any of Defendant's goods,

3  services, facilities, privileges, advantages, or accommodations therein.  The doctrines of

4  res judicata and collateral estoppel shall apply to the named Plaintiffs and all members of

5  the Plaintiff Class.

6         5.3.2.  With respect to each and every issue pertaining to mobility

7  accessibility, Defendant's compliance with the terms of the agreed-upon resolution set

8  forth in the Exhibits hereto, shall constitute on behalf of the Plaintiffs and the Plaintiff

9  Class compliance with all state and federal laws, rules or regulations relating to

10  nondiscrimination on the basis of mobility disability or accessibility of any and all of

11  Defendant's Stores or of any and all of Defendant's goods, services, facilities, privileges,

12  advantages, or accommodations therein, unless the alteration provisions of the ADA are

13  triggered by a subsequent, future store alteration, in which case those alteration

14  provisions shall apply to the altered portion of the subject store(s).  Accordingly,

15  Defendant may, but need not, do anything more than what is provided in the Exhibits

16  hereto to be, and to have been, in full compliance with all applicable laws, rules or

17  regulations relating to nondiscrimination on the basis of mobility disability or

18  accessibility of any and all of Defendant's Stores and of any and all of Defendant's

19  goods, services, facilities, privileges, advantages, or accommodations therein, unless and

20  until the alteration provisions of the ADA are triggered by a subsequent, future store

21  alteration, in which case those alteration provisions shall apply to the altered portion of

22  the subject store(s).

23         5.3.3  With respect to the injunctive relief granted herein, neither the

24  Plaintiffs nor any member of the Plaintiff Class shall contend in any future proceeding

25  that the agreed-upon resolution of any issue set forth in the Exhibits hereto is inadequate

26  under any state or federal laws, rules or regulations relating to nondiscrimination on the

27  basis of mobility disability or accessibility of Defendant's Stores or of any and all of

28  Defendant's goods, services, facilities, privileges, advantages, or accommodations

1 | therein.  The purpose of this section is to prevent relitigation of the injunctive issues
2 | settled herein through any litigation including, without limitation, suits for damages by
3 | members of the Plaintiff Class that have the purpose or effect of challenging or disputing
4 | the injunctive relief or remedy provided for herein.  This Settlement Agreement does not
5 | affect class members' rights to pursue damages claims.

6 |       5.3.4.  For a full and final release of the named plaintiffs' damages claims,
7 | Defendant will pay each of Pereira, Park, and Navar the sum of $4,000.  Attached hereto
8 | as Exhibits "1," "2," and "3" are their respective individual settlement agreements.

9 |       5.3.5.  Upon entry of the Order, the Court shall enter final judgment under
10 | Federal Rule of Civil Procedure 54(b) dismissing with prejudice the Pereira Action
11 | insofar as it relates to class declaratory or injunctive relief claims.  The class damage
12 | claims shall be dismissed without prejudice and the named Plaintiffs' damages claims
13 | shall be dismissed with prejudice.  Attached hereto as Exhibit "11" is the [Proposed]
14 | Final Order and Judgment.

15 | **5.4   Attorneys Fees and Costs**

16 |      As noted above in section 5.1.1, the final resolution of the issue of Plaintiffs'
17 | attorneys fees and costs in these actions and the payment thereof by Defendant is
18 | contained in Sections 5.2.1 and 5.2.2 herein and Exhibit "7" hereto.  Except as
19 | specifically provided therein, no other Plaintiffs' attorneys fees, expenses, or costs may
20 | be recovered in the Pereira Action and/or Park Action and/or for evaluating, monitoring,
21 | or enforcing Defendant's compliance with this Settlement Agreement.

22 |
23 |
24 | DATED: _____          _____
25 |                      PLAINTIFF Henry Pereira
26 |
27 | DATED: 11/02/09          *Rosaura Navar*
28 |                      PLAINTIFF Rosaura Navar

12

1

2   DATED: _____          Sun _____ _____
                                    PLAINTIFF Sung Park
3

4

5   DATED: _____          _____
6                                    PLAINTIFF American Disability Institute
7

8

9   DATED: _____          _____
                                     DEFENDANT Ralphs Grocery Company
10

11

12  **APPROVED AS TO FORM:**

13

14  DATED: _____          GREENBERG TRAURIG, LLP

15

16                                   By /s/ Gregory Hurley
                                     Gregory F. Hurley, Esq.
17                                   Michael J. Chilleen, Esq.
                                     Attorneys for Defendant RALPHS GROCERY
18                                   COMPANY.

19

20  DATED: _____          BRODSKY & SMITH, LLC

21                                   By: *s/ Evan J. Smith (SBN242352)*
22                                   Evan J. Smith (SBN 242352)
                                     Jason L. Brodsky (admitted *pro hac vice*)
23
                                     BERGER & MONTAGUE, P.C.
24                                   Todd Collins (admitted *pro hac vice*)
25                                   Douglas Risen (admitted *pro hac vice*)

26                                   *Class Counsel for Plaintiffs*

27

28

                                    13
MASTER STIPULATION RE CLASS ACTION SETTLEMENT        Case No. CV 07-841 PA (FFMx)
OC 286,489,366v1

1

2  DATED: _____          _____

3                                  PLAINTIFF Sung Park

4

5  DATED: _____          _____

6                                  PLAINTIFF American Disability Institute

7

8  DATED: _____          _____

9                                  DEFENDANT Ralphs Grocery Company

10

11  **APPROVED AS TO FORM:**

12

13  DATED: _____          GREENBERG TRAURIG, LLP

14

15                                  By /s/ Gregory Hurley

16                                  Gregory F. Hurley, Esq.
                                    Michael J. Chilleen, Esq.

17                                  Attorneys for Defendant RALPHS GROCERY
                                    COMPANY.

18

19  DATED: _____          BRODSKY & SMITH, LLC

20

21                                  By: *s/ Evan J. Smith (SBN242352)*
                                    Evan J. Smith (SBN 242352)

22                                  Jason L. Brodsky (admitted *pro hac vice*)

23                                  BERGER & MONTAGUE, P.C.

24                                  Todd Collins (admitted *pro hac vice*)
                                    Douglas Risen (admitted *pro hac vice*)

25                                  *Class Counsel for Plaintiffs*

26

27

28

1  DATED: _____

2                                        _____
                                         PLAINTIFF Sung Park
3

4

5  DATED: _____

6                                        _____
                                         PLAINTIFF American Disability Institute
7

8  DATED: 11/2/09                        _____
                                         DEFENDANT Ralphs Grocery Company
9

10

11 **APPROVED AS TO FORM:**

12

13 DATED: _____             GREENBERG TRAURIG, LLP

14

15                                       By /s/ Gregory Hurley
                                            _____
16                                          Gregory F. Hurley, Esq.
                                            Michael J. Chilleen, Esq.
17                                          Attorneys for Defendant RALPHS GROCERY
                                            COMPANY.
18

19 DATED: _____             BRODSKY & SMITH, LLC

20
                                         By: *s/ Evan J. Smith (SBN242352)*
21                                          Evan J. Smith (SBN 242352)
                                            Jason L. Brodsky (admitted *pro hac vice*)
22

23                                       BERGER & MONTAGUE, P.C.
                                         Todd Collins (admitted *pro hac vice*)
24                                       Douglas Risen (admitted *pro hac vice*)

25                                       *Class Counsel for Plaintiffs*

26

27

28

                                        13
MASTER STIPULATION RE CLASS ACTION SETTLEMENT     Case No. CV 07-841 PA (FFMx)

1

2

DATED: _____                    _____

3                                                         PLAINTIFF Sung Park

4

5

DATED: _____                    _____

6                                                         PLAINTIFF American Disability Institute

7

8

9

DATED: _____                    _____

                                                          DEFENDANT Ralphs Grocery Company

10

11

12

**APPROVED AS TO FORM:**

13

14

DATED: November 2, 2009              GREENBERG TRAURIG, LLP

15

16                                           By /s/  Gregory Hurley_____

17                                                Gregory F. Hurley, Esq.
                                                 Michael J. Chilleen, Esq.

18                                                Attorneys for Defendant RALPHS GROCERY
                                                 COMPANY.

19

20

DATED: November 2, 2009__            BRODSKY & SMITH, LLC

21

22                                           By: *s/ Evan J. Smith (SBN242352)*
                                                 Evan J. Smith (SBN 242352)

23                                                Jason L. Brodsky (admitted *pro hac vice*)

24                                                BERGER & MONTAGUE, P.C.
                                                 Todd Collins (admitted *pro hac vice*)

25                                                Douglas Risen (admitted *pro hac vice*)

26                                                *Class Counsel for Plaintiffs*

27

28

EXHIBIT "1"

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("SETTLEMENT AGREEMENT") is made and entered into as of October 29, 2009, by and between Plaintiff Henry Pereira ("PLAINTIFF"), and Defendant Ralphs Grocery Company ("DEFENDANT").

## SECTION 1 - RECITALS

1.1     WHEREAS, Henry Pereira is one of the named plaintiffs in a class action lawsuit entitled: *Henry Pereira, et al. v. Ralphs Grocery Company*, in the United States District Court for the Central District of California (the "Court"), Case No. CV 07-841 PA (FFMx), wherein the named plaintiffs, on behalf of the class, sought declaratory and injunctive relief against DEFENDANT, alleging that DEFENDANT has violated a number of federal and California laws with respect to the accessibility of DEFENDANT'S stores in California;

1.2     WHEREAS, Henry Pereira also asserts an individual claim in the SUBJECT LAWSUIT for damages, alleging that DEFENDANT has violated a number of federal and California laws with respect to the accessibility of DEFENDANT'S STORES in California and that he has been damaged as a result;

1.3     WHEREAS, DEFENDANT denies and continues to deny in every particular each and every one of the claims of Henry Pereira, and that Henry Pereira has been injured in any regard whatsoever; and

1.4    WHEREAS, it is the desire of each of the parties to this SETTLEMENT AGREEMENT to effect an amicable settlement of Henry Pereira's individual claim in the SUBJECT LAWSUIT.

NOW, THEREFORE, the parties hereto agree as follows:

## SECTION 2 - DEFINITIONS

2.1.   "CLAIMS RELEASED BY DEFENDANT" shall mean any and all rights, debts, claims, demands, actions, causes of action, suits, and any other liabilities, of any sort, character, or nature whatsoever, whether known or unknown, suspected or unsuspected, accruing prior to the date of this SETTLEMENT AGREEMENT, for damages or sums of money of any kind or amount whatsoever (including, without limitation, compensatory damages, statutory damages, punitive damages, and attorneys' fees and costs, at law, in equity or otherwise), which DEFENDANT has or ever had or might acquire, arising out of PLAINTIFF'S prosecution of the SUBJECT LAWSUIT.

2.2.   "CLAIMS RELEASED BY PLAINTIFF" shall mean any and all rights, debts, claims, demands, actions, causes of action, suits, and any other liabilities, of any sort, character, or nature whatsoever, whether known or unknown, suspected or unsuspected, and whether under any constitution (including, without limitation, the First Amendment of the United States Constitution and Article I, section 3 of the California Constitution), any statute (including, without limitation, the Americans with Disabilities Act of 1990,

the Rehabilitation Act of 1973, Section 1983 of Title 28 of the United States

Code, the California Unruh Act, the California Disabled Persons Act, and

California Government Code section 11135), federal or state common law, or

otherwise, accruing prior to the date of this SETTLEMENT AGREEMENT, for

damages or sums of money of any kind or amount whatsoever, including

without limitation, compensatory damages, statutory damages, punitive

damages, and attorneys' fees and costs, at law, in equity or otherwise, which

PLAINTIFF has or ever had or might acquire, including, without limitation,

by reason of: (1) any of the matters, circumstances or allegations alleged or

which could have been alleged in the complaint in the SUBJECT LAWSUIT; (2)

any visit, attempted visit, or intended or deterred visit by PLAINTIFF to any of

DEFENDANT'S STORES prior to the date of this SETTLEMENT

AGREEMENT; (3) any use, attempted use, or intended or deterred use by

PLAINTIFF of DEFENDANT'S goods, services, facilities, privileges,

advantages, or accommodations in any of DEFENDANT'S STORES prior to the

date of this SETTLEMENT AGREEMENT; (4) the SUBJECT LAWSUIT,

including without limitation, any acts or omissions by any of the RELEASED

DEFENDANTS related to the defense of the SUBJECT LAWSUIT; and (5) by

reason of any act, omission, matter, or event whatsoever occurring at any time

before the date of this SETTLEMENT AGREEMENT.  Throughout this

SETTLEMENT AGREEMENT, the use of the phrase "including, without limitation," shall not be limiting.

2.3.   "CLASS ACTION SETTLEMENT" shall mean the Master Stipulation and Order re: Class Action Settlement filed with the Court.

2.4   "DEFENDANT" shall mean Ralphs Grocery Company.

2.5.   "PLAINTIFF" shall mean Plaintiff Henry Pereira, one of the named Plaintiffs in the SUBJECT LAWSUIT.

2.6   "RELEASED DEFENDANTS" shall mean Ralphs Grocery Company and its current, former, and future parents, affiliates, predecessors and successors in interest, and all of each of their officers, employees, contractors, landlords, subtenants, attorneys, and agents.

2.7   "STORES" shall mean all existing Ralphs Grocery Company stores in California.

2.8   "SUBJECT LAWSUIT" shall mean the lawsuit of *Henry Pereira, et al. v. Ralphs Grocery Company,* in the United States District Court for the Central District of California, Case No. CV 07-841 PA (FFMx).

## SECTION 3 - PAYMENT

3.1     DEFENDANT shall pay PLAINTIFF four thousand dollars ($4,000). The foregoing payments shall be made by check, made payable and delivered to Henry Pereira's counsel, Brodsky & Smith LLC within ten (10) days of PLAINTIFF'S execution of this SETTLEMENT AGREEMENT, delivery of such executed originals to the DEFENDANT, and final approval of the CLASS ACTION SETTLEMENT. This payment is the only payment to be made to PLAINTIFF or on his behalf. There shall be no other costs or fees of any kind owed or paid by the RELEASED DEFENDANTS or any of them to PLAINTIFF or to any anyone else on his behalf.

3.2.    PLAINTIFF shall be solely responsible for any and all federal, state, or other taxes that may be due as a result of the payments made pursuant to section 3.1.

## SECTION 4 - RELEASE AND COVENANT NOT TO SUE

4.1     For and in consideration of the payment set forth above in section 3.1, PLAINTIFF does hereby for himself and for his heirs, successors and assigns, forever release and discharge all of the RELEASED DEFENDANTS from all of the CLAIMS RELEASED BY PLAINTIFF. In addition, PLAINTIFF hereby promises not to institute, prosecute, join, or participate in any lawsuit, administrative proceeding, or proceeding of any nature whatsoever against any of the RELEASED DEFENDANT in connection with

the CLAIMS RELEASED BY PLAINTIFF, other than a proceeding to enforce the CLASS ACTION SETTLEMENT.

4.2.   The general release, and the covenant not to sue, set forth above in section 4 are given for the benefit of each and every RELEASED DEFENDANT.

4.3.   <u>Civil Code Section 1542 Waiver.</u>  In connection with the general release, PLAINTIFF expressly agrees and acknowledges that the release extends to all CLAIMS RELEASED BY PLAINTIFF of every nature and kind, known or unknown, suspected or unsuspected, discovered or undiscovered, and PLAINTIFF hereby waives all rights, if any, under Section 1542 of the Civil Code of California, and any similar provisions under any laws of any other state or the United States, pertaining to waivers of unknown or unsuspected claims. Section 1542 provides:

"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."

PLAINTIFF is represented by counsel and has been specifically advised by his counsel of the consequences of the above waiver as well as with respect to this SETTLEMENT AGREEMENT generally.

4.4    For and in consideration of the general release, DEFENDANT does hereby forever release and discharge PLAINTIFF and all of his agents, attorneys, heirs, executors and administrators, if any, from all of the CLAIMS RELEASED BY DEFENDANT. In addition, DEFENDANT hereby promises not to institute, prosecute, join, or participate in any lawsuit, administrative proceeding, or proceeding of any nature whatsoever against PLAINTIFF or any of his agents, attorneys, heirs, executors and administrators, if any, in connection with the CLAIMS RELEASED BY DEFENDANT.

4.5.    The release, and the covenant not to sue are given for the benefit of PLAINTIFF and all of his agents, attorneys, heirs, executors and administrators, if any.

## SECTION 5 - COMPLIANCE WITH ACCESSIBILITY LAWS

5.1    PLAINTIFF agrees that with respect to each and every issue pertaining to mobility accessibility, DEFENDANT'S compliance with the terms of the agreed-upon resolution set forth in the CLASS ACTION SETTLEMENT shall constitute, for all purposes whatsoever, compliance with all local, state and federal laws, rules or regulations relating to nondiscrimination on the basis of mobility

disability or to the accessibility of any and all of DEFENDANT'S STORES or of any and all of DEFENDANT'S goods, services, facilities, privileges, advantages, or accommodations therein, unless the alteration provisions of the ADA are triggered by a subsequent, future store alteration, in which case those alteration provisions shall apply to the altered portion of the subject store(s).  Accordingly, DEFENDANT may, but need not, do anything more than what is provided in the CLASS ACTION SETTLEMENT to be, and to have been, in full compliance with all local, state and federal laws, rules or regulations relating to nondiscrimination on the basis of mobility disability or to the accessibility of any and all of DEFENDANT'S STORES or of any and all of DEFENDANT'S goods, services, facilities, privileges, advantages, or accommodations therein, unless and until the alteration provisions of the ADA are triggered by a subsequent, future store alteration, in which case those alteration provisions shall apply to the altered portion of the subject store(s).  PLAINTIFF shall not make any claim or contend in any proceeding that the agreed-upon resolution of any issue set forth in the CLASS ACTION SETTLEMENT is inadequate under any local, state or federal laws, rules or regulations relating to nondiscrimination on the basis of mobility accessibility.  The agreements and covenants set forth in section 4 are given for the benefit of each and every RELEASED DEFENDANT.

## SECTION 6 - DENIAL OF LIABILITY

6.1     PLAINTIFF understands and agrees that this SETTLEMENT

AGREEMENT and the payment to be given to PLAINTIFF hereunder are in

settlement and compromise of disputed claims, and that neither the SETTLEMENT

AGREEMENT nor the consideration therefore is to be construed or offered as an

admission or finding of liability, and that the RELEASED DEFENDANTS and

each of them deny liability and intend hereby to avoid litigation.

## SECTION 7 - LEGAL ADVICE

7.1     PLAINTIFF acknowledges and agrees that he has been represented in

the negotiations for and preparation of this SETTLEMENT AGREEMENT by

counsel of his own choosing, and that he has read this SETTLEMENT

AGREEMENT and is fully aware of its contents and legal effect.

## SECTION 8 - STIPULATION FOR DISMISSAL

8.1     PLAINTIFF authorizes and directs his attorney to file a Notice of

Settlement and a Request for Voluntary Dismissal with Prejudice in both the

Superior Court of the State of California, County of Los Angeles, and the U.S.

District Court for the Central District of California, dismissing all of his individual

claims in the actions pending in those Courts.

## SECTION 9 - GENERAL PROVISIONS

9.1     Entire Agreement.  Other than the CLASS ACTION SETTLEMENT

AGREEMENT, this SETTLEMENT AGREEMENT constitutes the entire agreement

between PLAINTIFF on the one hand, and the RELEASED DEFENDANTS on the

other hand, in reference to the matters addressed herein.  No other discussions,

promises, representations or understandings relative thereto, if any, shall be of any

force or effect.

9.2     No Amendment/Modification Without A Writing.  This

SETTLEMENT AGREEMENT may not be and shall not be deemed or construed

to have been modified, amended, rescinded, canceled or waived in whole or in part,

except by written instrument agreed to and signed by DEFENDANT and by

PLAINTIFF.

9.3     Governing Law.  This SETTLEMENT AGREEMENT shall be deemed

made under and pursuant to the laws of the State of California, and for all purposes

it shall be construed in accordance with, and governed by, the laws of California.

9.4     Notice.  PLAINTIFF agrees to give DEFENDANT 60 days written

notice and an opportunity to cure before filing any future action(s) against

DEFENDANT.  Notice to be sent by registered mail to counsel of record and the

parties.

9.5     Binding On Successors.  The provisions of this SETTLEMENT

AGREEMENT shall be binding upon, and shall inure to the benefit of the

successors, assigns, heirs, executors, and administrators of the respective parties.

9.6    Severability. The paragraphs and provisions of this Agreement are severable; if any paragraph or provision is found enforceable, the remaining paragraphs and provisions shall remain in full effect.

9.7    Counterparts. This SETTLEMENT AGREEMENT may be executed in counterparts, and authentic facsimile signatures shall be deemed to be the original signatures for all purposes.

DATED: __10/29/09__

PLAINTIFF Henry Pereira

DATED: _____

DEFENDANT RALPHS GROCERY COMPANY

APPROVED AS TO FORM:

DATED: __11-2-09__

Evan J. Smith
Jason L. Brodsky
BRODSKY & SMITH, LLC

BERGER & MONTAGUE, P.C.
Todd S. Collins, Esquire
Douglas Risen, Esquire
Shauna Itri, Esquire
1622 Locust Street
Philadelphia, PA 19103
Attorneys for Plaintiff Henry Pereira

successors, assigns, heirs, executors, and administrators of the respective parties.

9.6    <u>Severability</u>.  The paragraphs and provisions of this Agreement are

severable; if any paragraph or provision is found enforceable, the remaining

paragraphs and provisions shall remain in full effect.

9.7    <u>Counterparts</u>.  This SETTLEMENT AGREEMENT may be executed

in counterparts, and authentic facsimile signatures shall be deemed to be the

original signatures for all purposes.

DATED: _____

                                       _____
                                       PLAINTIFF Henry Pereira

DATED: 11/2/09

                                       _____
                                       DEFENDANT RALPHS GROCERY
                                       COMPANY

**APPROVED AS TO FORM:**

DATED: _____

                                       _____
                                       Evan J. Smith
                                       Jason L. Brodsky
                                       BRODSKY & SMITH, LLC

                                       BERGER & MONTAGUE, P.C.
                                       Todd S. Collins, Esquire
                                       Douglas Risen, Esquire
                                       Shauna Itri, Esquire
                                       1622 Locust Street
                                       Philadelphia, PA 19103
                                       Attorneys for Plaintiff Henry Pereira

DATED: __11-2-09__

_Greg Huley / EJS with permission_

Gregory F. Hurley
GREENBERG TRAURIG, LLP.
Attorneys for Ralphs Grocery
Company

EXHIBIT "2"

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("SETTLEMENT AGREEMENT") is made and entered into as of October 30, 2009, by and between Plaintiff Sung Park ("PLAINTIFF"), and Defendant Ralphs Grocery Company ("DEFENDANT").

## SECTION 1 - RECITALS

1.1     WHEREAS, Sung Park is one of the named plaintiffs in a class action lawsuit entitled: *Sung Park, Rosaura Navar and American Disability Institute vs. Ralph's Grocery Company*, in the United States District Court for the Central District of California (the "Court"), Case No. CV 08-02021 CAS, wherein the named plaintiffs, on behalf of the class, sought declaratory and injunctive relief against DEFENDANT, alleging that DEFENDANT has violated a number of federal and California laws with respect to the accessibility of DEFENDANT'S stores in California;

1.2     WHEREAS, Sung Park also asserts an individual claim in the SUBJECT LAWSUIT for damages, alleging that DEFENDANT has violated a number of federal and California laws with respect to the accessibility of DEFENDANT'S STORES in California and that he has been damaged as a result;

1.3     WHEREAS, DEFENDANT denies and continues to deny in every particular each and every one of the claims of Sung Park, and that Sung Park has

been injured in any regard whatsoever; and

    1.4    WHEREAS, it is the desire of each of the parties to this SETTLEMENT AGREEMENT to effect an amicable settlement of Sung Park's individual claim in the SUBJECT LAWSUIT.

    NOW, THEREFORE, the parties hereto agree as follows:

## SECTION 2 - DEFINITIONS

    2.1.  "CLAIMS RELEASED BY DEFENDANT" shall mean any and all rights, debts, claims, demands, actions, causes of action, suits, and any other liabilities, of any sort, character, or nature whatsoever, whether known or unknown, suspected or unsuspected, accruing prior to the date of this SETTLEMENT AGREEMENT, for damages or sums of money of any kind or amount whatsoever (including, without limitation, compensatory damages, statutory damages, punitive damages, and attorneys' fees and costs, at law, in equity or otherwise), which DEFENDANT has or ever had or might acquire, arising out of PLAINTIFF'S prosecution of the SUBJECT LAWSUIT.

    2.2.  "CLAIMS RELEASED BY PLAINTIFF" shall mean any and all rights, debts, claims, demands, actions, causes of action, suits, and any other liabilities, of any sort, character, or nature whatsoever, whether known or unknown, suspected or unsuspected, and whether under any constitution (including, without limitation, the First Amendment of the United States Constitution and Article I, section 3 of the California Constitution), any statute

(including, without limitation, the Americans with Disabilities Act of 1990, the Rehabilitation Act of 1973, Section 1983 of Title 28 of the United States Code, the California Unruh Act, the California Disabled Persons Act, and California Government Code section 11135), federal or state common law, or otherwise, accruing prior to the date of this SETTLEMENT AGREEMENT, for damages or sums of money of any kind or amount whatsoever, including without limitation, compensatory damages, statutory damages, punitive damages, and attorneys' fees and costs, at law, in equity or otherwise, which PLAINTIFF has or ever had or might acquire, including, without limitation, by reason of: (1) any of the matters, circumstances or allegations alleged or which could have been alleged in the complaint in the SUBJECT LAWSUIT; (2) any visit, attempted visit, or intended or deterred visit by PLAINTIFF to any of DEFENDANT'S STORES prior to the date of this SETTLEMENT AGREEMENT; (3) any use, attempted use, or intended or deterred use by PLAINTIFF of DEFENDANT'S goods, services, facilities, privileges, advantages, or accommodations in any of DEFENDANT'S STORES prior to the date of this SETTLEMENT AGREEMENT; (4) the SUBJECT LAWSUIT, including without limitation, any acts or omissions by any of the RELEASED DEFENDANTS related to the defense of the SUBJECT LAWSUIT; and (5) by reason of any act, omission, matter, or event whatsoever occurring at any time before the date of this SETTLEMENT AGREEMENT.  Throughout this

SETTLEMENT AGREEMENT, the use of the phrase "including, without limitation," shall not be limiting.

2.3.    "CLASS ACTION SETTLEMENT" shall mean the Master Stipulation and Order re: Class Action Settlement filed in the United States District Court for the Central District of California in the case entitled *Henry Pereira, et al. v. Ralphs Grocery Company*, Case No. CV 07-841 PA (FFMx).

2.4    "DEFENDANT" shall mean Ralphs Grocery Company.

2.5.    "PLAINTIFF" shall mean Plaintiff Sung Park, one of the named Plaintiffs in the SUBJECT LAWSUIT.

2.6    "RELEASED DEFENDANTS" shall mean Ralphs Grocery Company and its current, former, and future parents, affiliates, predecessors and successors in interest, and all of each of their officers, employees, contractors, landlords, subtenants, attorneys, and agents.

2.7    "STORES" shall mean all existing Ralphs Grocery Company stores in California.

2.8    "SUBJECT LAWSUIT" shall mean the lawsuit of *Sung Park, Rosaura Navar and American Disability Institute vs. Ralph's Grocery Company*, in the United States District Court for the Central District of California, Case No. CV 08-02021 CAS.

## SECTION 3 - PAYMENT

3.1    DEFENDANT shall pay PLAINTIFF four thousand dollars ($4,000). The foregoing payments shall be made by check, made payable and delivered to Sung Park's counsel, Brodsky & Smith LLC within ten (10) days of PLAINTIFF'S execution of this SETTLEMENT AGREEMENT, delivery of such executed originals to the DEFENDANT, and final approval of the CLASS ACTION SETTLEMENT. This payment is the only payment to be made to PLAINTIFF or on his behalf. There shall be no other costs or fees of any kind owed or paid by the RELEASED DEFENDANTS or any of them to PLAINTIFF or to any anyone else on his behalf.

3.2.    PLAINTIFF shall be solely responsible for any and all federal, state, or other taxes that may be due as a result of the payments made pursuant to section 3.1.

## SECTION 4 - RELEASE AND COVENANT NOT TO SUE

4.1    For and in consideration of the payment set forth above in section 3.1, PLAINTIFF does hereby for himself and for his heirs, successors and assigns, forever release and discharge all of the RELEASED DEFENDANTS from all of the CLAIMS RELEASED BY PLAINTIFF. In addition, PLAINTIFF hereby promises not to institute, prosecute, join, or participate in any lawsuit, administrative proceeding, or proceeding of any nature whatsoever against any of the RELEASED DEFENDANT in connection with

the CLAIMS RELEASED BY PLAINTIFF, other than a proceeding to enforce the CLASS ACTION SETTLEMENT.

4.2.   The general release, and the covenant not to sue, set forth above in section 4 are given for the benefit of each and every RELEASED DEFENDANT.

4.3.   <u>Civil Code Section 1542 Waiver.</u>  In connection with the general release, PLAINTIFF expressly agrees and acknowledges that the release extends to all CLAIMS RELEASED BY PLAINTIFF of every nature and kind, known or unknown, suspected or unsuspected, discovered or undiscovered, and PLAINTIFF hereby waives all rights, if any, under Section 1542 of the Civil Code of California, and any similar provisions under any laws of any other state or the United States, pertaining to waivers of unknown or unsuspected claims. Section 1542 provides:

> "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."

PLAINTIFF is represented by counsel and has been specifically advised by his counsel of the consequences of the above waiver as well as with respect to this SETTLEMENT AGREEMENT generally.

4.4    For and in consideration of the general release, DEFENDANT does hereby forever release and discharge PLAINTIFF and all of his agents, attorneys, heirs, executors and administrators, if any, from all of the CLAIMS RELEASED BY DEFENDANT. In addition, DEFENDANT hereby promises not to institute, prosecute, join, or participate in any lawsuit, administrative proceeding, or proceeding of any nature whatsoever against PLAINTIFF or any of his agents, attorneys, heirs, executors and administrators, if any, in connection with the CLAIMS RELEASED BY DEFENDANT.

4.5.    The release, and the covenant not to sue are given for the benefit of PLAINTIFF and all of his agents, attorneys, heirs, executors and administrators, if any.

### SECTION 5 - COMPLIANCE WITH ACCESSIBILITY LAWS

5.1    PLAINTIFF agrees that with respect to each and every issue pertaining to mobility accessibility, DEFENDANT'S compliance with the terms of the agreed-upon resolution set forth in the CLASS ACTION SETTLEMENT shall constitute, for all purposes whatsoever, compliance with all local, state and federal laws, rules or regulations relating to nondiscrimination on the basis of mobility

disability or to the accessibility of any and all of DEFENDANT'S STORES or of any and all of DEFENDANT'S goods, services, facilities, privileges, advantages, or accommodations therein, unless the alteration provisions of the ADA are triggered by a subsequent, future store alteration, in which case those alteration provisions shall apply to the altered portion of the subject store(s).  Accordingly, DEFENDANT may, but need not, do anything more than what is provided in the CLASS ACTION SETTLEMENT to be, and to have been, in full compliance with all local, state and federal laws, rules or regulations relating to nondiscrimination on the basis of mobility disability or to the accessibility of any and all of DEFENDANT'S STORES or of any and all of DEFENDANT'S goods, services, facilities, privileges, advantages, or accommodations therein, unless and until the alteration provisions of the ADA are triggered by a subsequent, future store alteration, in which case those alteration provisions shall apply to the altered portion of the subject store(s).  PLAINTIFF shall not make any claim or contend in any proceeding that the agreed-upon resolution of any issue set forth in the CLASS ACTION SETTLEMENT is inadequate under any local, state or federal laws, rules or regulations relating to nondiscrimination on the basis of mobility accessibility.  The agreements and covenants set forth in section 4 are given for the benefit of each and every RELEASED DEFENDANT.

## SECTION 6 - DENIAL OF LIABILITY

6.1     PLAINTIFF understands and agrees that this SETTLEMENT

AGREEMENT and the payment to be given to PLAINTIFF hereunder are in

settlement and compromise of disputed claims, and that neither the SETTLEMENT

AGREEMENT nor the consideration therefore is to be construed or offered as an

admission or finding of liability, and that the RELEASED DEFENDANTS and

each of them deny liability and intend hereby to avoid litigation.

## SECTION 7 - LEGAL ADVICE

7.1     PLAINTIFF acknowledges and agrees that he has been represented in

the negotiations for and preparation of this SETTLEMENT AGREEMENT by

counsel of his own choosing, and that he has read this SETTLEMENT

AGREEMENT and is fully aware of its contents and legal effect.

## SECTION 8 - STIPULATION FOR DISMISSAL

8.1     PLAINTIFF authorizes and directs his attorney to file a Notice of

Settlement and a Request for Voluntary Dismissal with Prejudice in both the

Superior Court of the State of California, County of Los Angeles, and the U.S.

District Court for the Central District of California, dismissing all of his individual

claims in the actions pending in those Courts.

## SECTION 9 - GENERAL PROVISIONS

9.1     Entire Agreement.  Other than the CLASS ACTION SETTLEMENT AGREEMENT, this SETTLEMENT AGREEMENT constitutes the entire agreement between PLAINTIFF on the one hand, and the RELEASED DEFENDANTS on the other hand, in reference to the matters addressed herein.  No other discussions, promises, representations or understandings relative thereto, if any, shall be of any force or effect.

9.2     No Amendment/Modification Without A Writing.  This SETTLEMENT AGREEMENT may not be and shall not be deemed or construed to have been modified, amended, rescinded, canceled or waived in whole or in part, except by written instrument agreed to and signed by DEFENDANT and by PLAINTIFF.

9.3     Governing Law.  This SETTLEMENT AGREEMENT shall be deemed made under and pursuant to the laws of the State of California, and for all purposes it shall be construed in accordance with, and governed by, the laws of California.

9.4     Notice.  PLAINTIFF agrees to give DEFENDANT 60 days written notice and an opportunity to cure before filing any future action(s) against DEFENDANT.  Notice to be sent by registered mail to counsel of record and the parties.

9.5     Binding On Successors.  The provisions of this SETTLEMENT AGREEMENT shall be binding upon, and shall inure to the benefit of the

Oct 30 09 11:36a    Peter
10/30/2009  02:52    5186579829                             951-674-7532
                                      BRODSKY & SMITH, LLC                        p.1

successors, assigns, heirs, executors, and administrators of the respective parties.

9.6    <u>Severability</u>.  The paragraphs and provisions of this Agreement are severable; if any paragraph or provision is found enforceable, the remaining paragraphs and provisions shall remain in full effect.

9.7    <u>Counterparts</u>.  This SETTLEMENT AGREEMENT may be executed in counterparts, and authentic facsimile signatures shall be deemed to be the original signatures for all purposes.

DATED: _10/30/09_

PLAINTIFF Sung Park

DATED: _11/2/09_

DEFENDANT RALPHS GROCERY COMPANY

**APPROVED AS TO FORM:**

DATED: _11-2-09_

Evan J. Smith
Jason L. Brodsky
BRODSKY & SMITH, LLC

BERGER & MONTAGUE, P.C.
Todd S. Collins, Esquire
Douglas Risen, Esquire
Shauna Itri, Esquire
1622 Locust Street
Philadelphia, PA 19103
Attorneys for Plaintiff Sung Park

OC 288,488,484v1 10-24-09

DATED: __11-2-09__

_Greg Huley / EJS with permission_

Gregory F. Hurley
GREENBERG TRAURIG, LLP.
Attorneys for Ralphs Grocery
Company

EXHIBIT "3"

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("SETTLEMENT AGREEMENT") is made and entered into as of October 29, 2009, by and between Plaintiff Rosaura Navar ("PLAINTIFF"), and Defendant Ralphs Grocery Company ("DEFENDANT").

## SECTION 1 - RECITALS

1.1    WHEREAS, Rosaura Navar is one of the named plaintiffs in a class action lawsuit entitled: *Sung Park, Rosaura Navar and American Disability Institute vs. Ralph's Grocery Company*, in the United States District Court for the Central District of California (the "Court"), Case No. CV 08-02021 CAS, wherein the named plaintiffs, on behalf of the class, sought declaratory and injunctive relief against DEFENDANT, alleging that DEFENDANT has violated a number of federal and California laws with respect to the accessibility of DEFENDANT'S stores in California;

1.2    WHEREAS, Rosaura Navar also asserts an individual claim in the SUBJECT LAWSUIT for damages, alleging that DEFENDANT has violated a number of federal and California laws with respect to the accessibility of DEFENDANT'S STORES in California and that she has been damaged as a result;

1.3    WHEREAS, DEFENDANT denies and continues to deny in every particular each and every one of the claims of Rosaura Navar, and that Rosaura

Navar has been injured in any regard whatsoever; and

1.4    WHEREAS, it is the desire of each of the parties to this SETTLEMENT AGREEMENT to effect an amicable settlement of Rosaura Navar's individual claim in the SUBJECT LAWSUIT.

NOW, THEREFORE, the parties hereto agree as follows:

## SECTION 2 - DEFINITIONS

2.1.   "CLAIMS RELEASED BY DEFENDANT" shall mean any and all rights, debts, claims, demands, actions, causes of action, suits, and any other liabilities, of any sort, character, or nature whatsoever, whether known or unknown, suspected or unsuspected, accruing prior to the date of this SETTLEMENT AGREEMENT, for damages or sums of money of any kind or amount whatsoever (including, without limitation, compensatory damages, statutory damages, punitive damages, and attorneys' fees and costs, at law, in equity or otherwise), which DEFENDANT has or ever had or might acquire, arising out of PLAINTIFF'S prosecution of the SUBJECT LAWSUIT.

2.2.   "CLAIMS RELEASED BY PLAINTIFF" shall mean any and all rights, debts, claims, demands, actions, causes of action, suits, and any other liabilities, of any sort, character, or nature whatsoever, whether known or unknown, suspected or unsuspected, and whether under any constitution (including, without limitation, the First Amendment of the United States Constitution and Article I, section 3 of the California Constitution), any statute

(including, without limitation, the Americans with Disabilities Act of 1990, the Rehabilitation Act of 1973, Section 1983 of Title 28 of the United States Code, the California Unruh Act, the California Disabled Persons Act, and California Government Code section 11135), federal or state common law, or otherwise, accruing prior to the date of this SETTLEMENT AGREEMENT, for damages or sums of money of any kind or amount whatsoever, including without limitation, compensatory damages, statutory damages, punitive damages, and attorneys' fees and costs, at law, in equity or otherwise, which PLAINTIFF has or ever had or might acquire, including, without limitation, by reason of: (1) any of the matters, circumstances or allegations alleged or which could have been alleged in the complaint in the SUBJECT LAWSUIT; (2) any visit, attempted visit, or intended or deterred visit by PLAINTIFF to any of DEFENDANT'S STORES prior to the date of this SETTLEMENT AGREEMENT; (3) any use, attempted use, or intended or deterred use by PLAINTIFF of DEFENDANT'S goods, services, facilities, privileges, advantages, or accommodations in any of DEFENDANT'S STORES prior to the date of this SETTLEMENT AGREEMENT; (4) the SUBJECT LAWSUIT, including without limitation, any acts or omissions by any of the RELEASED DEFENDANTS related to the defense of the SUBJECT LAWSUIT; and (5) by reason of any act, omission, matter, or event whatsoever occurring at any time before the date of this SETTLEMENT AGREEMENT.  Throughout this

SETTLEMENT AGREEMENT, the use of the phrase "including, without limitation," shall not be limiting.

2.3.   "CLASS ACTION SETTLEMENT" shall mean the Master Stipulation and Order re: Class Action Settlement filed in the United States District Court for the Central District of California in the case entitled *Henry Pereira, et al. v. Ralphs Grocery Company*, Case No. CV 07-841 PA (FFMx).

2.4   "DEFENDANT" shall mean Ralphs Grocery Company.

2.5.   "PLAINTIFF" shall mean Plaintiff Rosaura Navar, one of the named Plaintiffs in the SUBJECT LAWSUIT.

2.6   "RELEASED DEFENDANTS" shall mean Ralphs Grocery Company and its current, former, and future parents, affiliates, predecessors and successors in interest, and all of each of their officers, employees, contractors, landlords, subtenants, attorneys, and agents.

2.7   "STORES" shall mean all existing Ralphs Grocery Company stores in California.

2.8   "SUBJECT LAWSUIT" shall mean the lawsuit of *Sung Park, Rosaura Navar and American Disability Institute vs. Ralph's Grocery Company*, in the United States District Court for the Central District of California, Case No. CV 08-02021 CAS.

## SECTION 3 - PAYMENT

3.1    DEFENDANT shall pay PLAINTIFF four thousand dollars ($4,000). The foregoing payments shall be made by check, made payable and delivered to Rosaura Navar's counsel, Brodsky & Smith LLC within ten (10) days of PLAINTIFF'S execution of this SETTLEMENT AGREEMENT, delivery of such executed originals to the DEFENDANT, and final approval of the CLASS ACTION SETTLEMENT. This payment is the only payment to be made to PLAINTIFF or on her behalf. There shall be no other costs or fees of any kind owed or paid by the RELEASED DEFENDANTS or any of them to PLAINTIFF or to any anyone else on her behalf.

3.2.    PLAINTIFF shall be solely responsible for any and all federal, state, or other taxes that may be due as a result of the payments made pursuant to section 3.1.

## SECTION 4 - RELEASE AND COVENANT NOT TO SUE

4.1    For and in consideration of the payment set forth above in section 3.1, PLAINTIFF does hereby for herself and for her heirs, successors and assigns, forever release and discharge all of the RELEASED DEFENDANTS from all of the CLAIMS RELEASED BY PLAINTIFF. In addition, PLAINTIFF hereby promises not to institute, prosecute, join, or participate in any lawsuit, administrative proceeding, or proceeding of any nature whatsoever against any of the RELEASED DEFENDANT in connection with

the CLAIMS RELEASED BY PLAINTIFF, other than a proceeding to enforce the CLASS ACTION SETTLEMENT.

4.2.   The general release, and the covenant not to sue, set forth above in section 4 are given for the benefit of each and every RELEASED DEFENDANT.

4.3.   <u>Civil Code Section 1542 Waiver.</u>  In connection with the general release, PLAINTIFF expressly agrees and acknowledges that the release extends to all CLAIMS RELEASED BY PLAINTIFF of every nature and kind, known or unknown, suspected or unsuspected, discovered or undiscovered, and PLAINTIFF hereby waives all rights, if any, under Section 1542 of the Civil Code of California, and any similar provisions under any laws of any other state or the United States, pertaining to waivers of unknown or unsuspected claims. Section 1542 provides:

"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."

PLAINTIFF is represented by counsel and has been specifically advised by her

counsel of the consequences of the above waiver as well as with respect to

this SETTLEMENT AGREEMENT generally.

4.4    For and in consideration of the general release, DEFENDANT

does hereby forever release and discharge PLAINTIFF and all of her

agents, attorneys, heirs, executors and administrators, if any, from all of the

CLAIMS RELEASED BY DEFENDANT. In addition, DEFENDANT hereby

promises not to institute, prosecute, join, or participate in any lawsuit,

administrative proceeding, or proceeding of any nature whatsoever against

PLAINTIFF or any of her agents, attorneys, heirs, executors and

administrators, if any, in connection with the CLAIMS RELEASED BY

DEFENDANT.

4.5.    The release, and the covenant not to sue are given for the benefit

of PLAINTIFF and all of her agents, attorneys, heirs, executors and

administrators, if any.

## SECTION 5 - COMPLIANCE WITH ACCESSIBILITY LAWS

5.1    PLAINTIFF agrees that with respect to each and every issue

pertaining to mobility accessibility, DEFENDANT'S compliance with the terms of

the agreed-upon resolution set forth in the CLASS ACTION SETTLEMENT shall

constitute, for all purposes whatsoever, compliance with all local, state and federal

laws, rules or regulations relating to nondiscrimination on the basis of mobility

disability or to the accessibility of any and all of DEFENDANT'S STORES or of any and all of DEFENDANT'S goods, services, facilities, privileges, advantages, or accommodations therein, unless the alteration provisions of the ADA are triggered by a subsequent, future store alteration, in which case those alteration provisions shall apply to the altered portion of the subject store(s).  Accordingly, DEFENDANT may, but need not, do anything more than what is provided in the CLASS ACTION SETTLEMENT to be, and to have been, in full compliance with all local, state and federal laws, rules or regulations relating to nondiscrimination on the basis of mobility disability or to the accessibility of any and all of DEFENDANT'S STORES or of any and all of DEFENDANT'S goods, services, facilities, privileges, advantages, or accommodations therein, unless and until the alteration provisions of the ADA are triggered by a subsequent, future store alteration, in which case those alteration provisions shall apply to the altered portion of the subject store(s).  PLAINTIFF shall not make any claim or contend in any proceeding that the agreed-upon resolution of any issue set forth in the CLASS ACTION SETTLEMENT is inadequate under any local, state or federal laws, rules or regulations relating to nondiscrimination on the basis of mobility accessibility.  The agreements and covenants set forth in section 4 are given for the benefit of each and every RELEASED DEFENDANT.

## SECTION 6 - DENIAL OF LIABILITY

6.1    PLAINTIFF understands and agrees that this SETTLEMENT

AGREEMENT and the payment to be given to PLAINTIFF hereunder are in

settlement and compromise of disputed claims, and that neither the SETTLEMENT

AGREEMENT nor the consideration therefore is to be construed or offered as an

admission or finding of liability, and that the RELEASED DEFENDANTS and

each of them deny liability and intend hereby to avoid litigation.

## SECTION 7 - LEGAL ADVICE

7.1    PLAINTIFF acknowledges and agrees that she has been represented

in the negotiations for and preparation of this SETTLEMENT AGREEMENT by

counsel of her own choosing, and that she has read this SETTLEMENT

AGREEMENT and is fully aware of its contents and legal effect.

## SECTION 8 - STIPULATION FOR DISMISSAL

8.1    PLAINTIFF authorizes and directs her attorney to file a Notice of

Settlement and a Request for Voluntary Dismissal with Prejudice in both the

Superior Court of the State of California, County of Los Angeles, and the U.S.

District Court for the Central District of California, dismissing all of her individual

claims in the actions pending in those Courts.

## SECTION 9 - GENERAL PROVISIONS

9.1    Entire Agreement.  Other than the CLASS ACTION SETTLEMENT AGREEMENT, this SETTLEMENT AGREEMENT constitutes the entire agreement between PLAINTIFF on the one hand, and the RELEASED DEFENDANTS on the other hand, in reference to the matters addressed herein.  No other discussions, promises, representations or understandings relative thereto, if any, shall be of any force or effect.

9.2    No Amendment/Modification Without A Writing.  This SETTLEMENT AGREEMENT may not be and shall not be deemed or construed to have been modified, amended, rescinded, canceled or waived in whole or in part, except by written instrument agreed to and signed by DEFENDANT and by PLAINTIFF.

9.3    Governing Law.  This SETTLEMENT AGREEMENT shall be deemed made under and pursuant to the laws of the State of California, and for all purposes it shall be construed in accordance with, and governed by, the laws of California.

9.4    Notice.  PLAINTIFF agrees to give DEFENDANT 60 days written notice and an opportunity to cure before filing any future action(s) against DEFENDANT.  Notice to be sent by registered mail to counsel of record and the parties.

9.5    Binding On Successors.  The provisions of this SETTLEMENT AGREEMENT shall be binding upon, and shall inure to the benefit of the

successors, assigns, heirs, executors, and administrators of the respective parties.

9.6    Severability. The paragraphs and provisions of this Agreement are severable; if any paragraph or provision is found enforceable, the remaining paragraphs and provisions shall remain in full effect.

9.7    Counterparts. This SETTLEMENT AGREEMENT may be executed in counterparts, and authentic facsimile signatures shall be deemed to be the original signatures for all purposes.

DATED: 10/29/09

*Rosaura Navar*
PLAINTIFF Rosaura Navar


DATED: _____


_____
DEFENDANT RALPHS GROCERY
COMPANY


APPROVED AS TO FORM:

DATED: 11-2-09

_____
Evan J. Smith
Jason L. Brodsky
BRODSKY & SMITH, LLC

BERGER & MONTAGUE, P.C.
Todd S. Collins, Esquire
Douglas Risen, Esquire
Shauna Itri, Esquire
1622 Locust Street
Philadelphia, PA 19103
Attorneys for Plaintiff Rosaura Navar


DC 286,186,400v1 10-20-09

successors, assigns, heirs, executors, and administrators of the respective parties.

9.6     <u>Severability</u>.  The paragraphs and provisions of this Agreement are
severable; if any paragraph or provision is found enforceable, the remaining
paragraphs and provisions shall remain in full effect.

9.7     <u>Counterparts</u>.  This SETTLEMENT AGREEMENT may be executed
in counterparts, and authentic facsimile signatures shall be deemed to be the
original signatures for all purposes.

DATED: _____

_____
PLAINTIFF Rosaura Navar

DATED: 11-2-09

_____
DEFENDANT RALPHS GROCERY
COMPANY

**APPROVED AS TO FORM:**

DATED: _____

_____
Evan J. Smith
Jason L. Brodsky
BRODSKY & SMITH, LLC

BERGER & MONTAGUE, P.C.
Todd S. Collins, Esquire
Douglas Risen, Esquire
Shauna Itri, Esquire
1622 Locust Street
Philadelphia, PA 19103
Attorneys for Plaintiff Rosaura Navar

DATED: _11-2-09_

_Greg Hurley / EJS with permission_

Gregory F. Hurley
GREENBERG TRAURIG, LLP.
Attorneys for Ralphs Grocery
Company

EXHIBIT "4"

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| HENRY PEREIRA, an individual on behalf of himself and all others similarly situated, <br><br>        and <br><br> AMERICAN DISABILITY INSTITUTE, a non-profit Pennsylvania Corporation, on behalf of itself and all others similarly situated, <br><br>        Plaintiffs, <br><br> vs. <br><br> RALPHS GROCERY COMPANY, <br><br>        Defendant | CASE NO. CV 07-841 PA (FFMx) <br><br> **DETAILED NOTICE OF PROPOSED CLASS ACTION SETTLEMENT** |

**TO:** All individuals who are mobility impaired or use wheelchairs or electric scooters for mobility and who, since January 17, 2005, have shopped at or attempted to shop at or will in the future shop at or attempt to shop at any Ralphs store in California.

This notice is provided to you pursuant to the Order of the United States District Court for the Central District of California, in accordance with Rule 23 of the Federal Rules of Civil Procedure. The purpose of this notice is to advise you of the following:

1. The terms of the proposed settlement of two class action lawsuits;

2. The date, time and location of the Fairness Hearing to approve this settlement which has been scheduled to be held on _____ at _____, at Courtroom __, United States District Court for the Central District of California, Roybal Federal Building, 255 E. Temple Street, Los Angeles, CA; and

3. The opportunity for class members to appear and be heard regarding the final approval of the settlement.

**PLEASE READ THIS NOTICE CAREFULLY. YOUR RIGHTS MAY BE AFFECTED BY LEGAL PROCEEDINGS IN THIS LITIGATION.**

On January 17, 2007, a class action entitled *Henry Pereira and American Disability Institute vs. Ralph's Grocery Company*, Case No. CV 07-841 PA, was filed, alleging that Ralphs Grocery Company ("Ralphs" or "Defendant") violated the Americans with Disabilities Act (the "ADA") and other state laws, including the Disabled Persons Act and the Unruh Act, by failing to make its stores accessible to individuals with mobility disabilities. The district court certified the class to seek injunctive and declaratory relief as well as monetary damages.

On February 25, 2008, a class action entitled *Sung Park, Rosaura Navar and American Disability Institute vs. Ralph's Grocery Company*, Case No. CV 08-02021 CAS, was filed, alleging that Ralphs violated the ADA and other state laws, including the Disabled Persons Act and the Unruh Act, by failing to make its stores accessible to individuals with mobility disabilities. The district court certified the class to seek injunctive and declaratory relief as well as monetary damages.

Both these actions allege architectural barriers and flawed policies and seek chain-wide injunctive relief at all Ralphs stores in California, including the parking facilities and outdoor seating areas serving the subject stores (the "Stores"). The actions sought to require Defendant to alter all of its stores in California and its policies with respect to issues concerning accessibility for individuals who are mobility impaired. Defendant has denied and continues to deny all liability or wrongdoing.

1

DETAILED NOTICE OF PROPOSED CLASS ACTION SETTLEMENT
OC 286,489,371v1

The parties to these actions have now agreed to a settlement of both actions. The same attorneys represent the plaintiffs and defendants in both of the above actions. The class attorneys have substantial experience representing plaintiffs in class actions, in civil rights cases generally, and in disability discrimination cases in particular. The class attorneys have conducted extensive investigations into the facts of these cases and have thoroughly studied the legal principles applicable to the class claims. The class attorneys have concluded that the settlement agreement to which the parties to the lawsuits have now agreed is fair, reasonable and adequate and is in the best interests of the class members. The named plaintiffs and the class attorneys have unanimously recommended that the Court approve the settlement agreement.

The settlement is not an admission of wrongdoing or liability by Defendant, who has denied wrongdoing and has asserted that it has acted in accordance with all applicable laws. Plaintiffs maintain that Defendant was not complying with the law. Nevertheless, to avoid the expense and uncertainty of protracted litigation, the settlement imposes a number of specific obligations on Defendant with respect to the accessibility of its Stores. More specifically, the settlement agreement includes the following:

1.     In the course of these litigations, Plaintiffs' accessibility expert inspected Defendant's Stores and supplied reports/surveys of accessibility issues to Defendant. Thereafter, class counsel and their expert received and reviewed documentary evidence, including, inter alia, site plans, blue prints, invoices, and numerous photographs depicting the condition of Ralphs' Stores after Ralphs' inspections and/or modifications. In addition, class counsel's expert has re-inspected approximately 200 locations to further confirm that modifications were completed subsequent to the initial inspections.

2.     Defendant will inspect all of its Stores public areas and make all necessary accessibility improvements. The results of the inspections will be provided to class counsel.

3.     To provide confirmation of Ralphs' improvements, all of Defendant's Stores will be inspected by independent California Certified Access Specialist Professional(s) or California Licensed Architect(s) or Contractor(s) selected by the parties. The inspector(s) will examine all public areas of Ralphs' Stores. Defendant shall fix all items identified by the inspector(s) unless not required by applicable law. Improvement at Ralphs' Stores will be finished within 3 years of the approval of the settlement. Defendant will provide Class Counsel with written confirmation of the completion of the improvements.

4.     The Settlement does not release any damages claims class members may otherwise have.

2

DETAILED NOTICE OF PROPOSED CLASS ACTION SETTLEMENT
OC 286,489,371v1

Subject to Court review and approval, in connection with both of the above cases, Defendant has agreed to pay the reasonable attorney fees and costs of the attorneys representing the plaintiffs' classes. The named plaintiffs in both actions are settling their individual damage claims and will receive $4,000.00 each. The named plaintiffs and the attorneys representing the classes agreed to resolve all class claims before they entered into separate negotiations regarding the individual damages claims raised by the named plaintiffs.

The above summary of the litigation and of certain provisions of the settlement agreement is not intended, and should not be construed, as a complete statement of the settlement agreement or of the litigations, and in the event of any conflict between the above description and the language of the settlement agreement, it is the language of the settlement agreement that shall control.

If you have any questions regarding the settlement of these actions, you may contact _____ . If you would like to review or copy the full settlement agreement (called the "Master Stipulation re: Class Action Settlement"), or any other papers on file in these actions, you are referred to the papers on file under the captions *Henry Pereira and American Disability Institute vs. Ralph's Grocery Company*, Case No. CV 07-841 PA and *Sung Park, Rosaura Navar and American Disability Institute vs. Ralph's Grocery Company*, Case No. CV 08-02021 CAS. The Master Stipulation re: Class Action Settlement was filed in Case No. CV 07-841 PA. The papers on file may be inspected or copied during regular business hours at the office of the Clerk of the United States District Court for the Central District of California, 312 N. Spring Street, Los Angeles, CA 90012. You may also view or download a copy of the settlement agreement on the internet website located at http://www.RalphsCaliforniaDisabledAcessSettlement.com". Finally, at no cost, you will be sent by fax, email, and/or mail copies of any or all settlement documents by submitting a written request to Brodsky & Smith, LLC (attn. Evan Smith) at Two Bala Plaza, Suite 602, Bala Cynwyd, PA 19004 or Greenberg, Traurig LLC (attn. Gregory Hurley) at 3161 Michelson Drive, Irvine, CA 92612.

**PLEASE DO NOT DIRECT QUESTIONS TO THE COURT OR THE CLERK'S OFFICE.**

The Court will hold a fairness hearing at the United States District Court, Roybal Federal Courthouse, 255 E. Temple Street, Room _____, Los Angeles, CA 90012, on___, 2010, at _____, to determine whether the proposed settlement should be approved as fair, reasonable and adequate. If approved by the Court, this settlement will fully settle all claims of all class members for declaratory and injunctive relief alleged or that could have been alleged in these actions against Defendant, or any of its officers, directors, employees, agents or contractors, relating to the accessibility of any of

Defendant's Stores in California or Defendant's goods, services, facilities, privileges, advantages, or accommodations therein.

**THUS, IF THIS SETTLEMENT IS APPROVED, NO CLASS MEMBER WILL BE ABLE TO BRING ANOTHER LAWSUIT FOR INJUNCTIVE OR DECLARATORY RELIEF WITH RESPECT TO THE ACCESSIBILITY OF ANY RALPHS STORE IN CALIFORNIA.  THIS SETTLEMENT WILL EXTINGUISH AND/OR BAR PAST, PENDING AND FUTURE CLAIMS/LAWSUITS FOR INJUNCTIVE OR DECLARATORY RELIEF WITH RESPECT TO THE ACCESSIBILITY OF ANY RALPHS STORE IN CALIFORNIA.  WITH THE EXCEPTION OF THE NAMED PLAINTIFFS WHO HAVE SETTLED THEIR INDIVIDUAL DAMAGES CLAIM, NO CLASS MEMBER WILL RECOVER MONETARY DAMAGES UNDER THIS SETTLEMENT, AND NOTHING IN THIS SETTLEMENT SHALL AFFECT CLASS MEMBERS' RIGHTS TO PURSUE DAMAGES CLAIMS THAT MAY OTHERWISE EXIST.**

It is **NOT** necessary for you to appear at the hearing.  Any class member who wishes to object to the settlement must file a written objection with the Court with (a) the name and number of the lawsuit, which is *Henry Pereira and American Disability Institute vs. Ralph's Grocery Company*, No. CV 07-841 PA, (b) your full name and address (c) a statement whether you intend on appearing at the fairness hearing, (d) a statement that you are a member of the class alleged herein, (e) the date and location of the store(s) at which you suffered discrimination, (f) a detailed statement of your specific objections and grounds for such objections, and (g) copies of all documents and writings you desire the Court to consider.  Said written objection shall be filed with the Clerk of the District Court, 312 N. Spring Street, Los Angeles, CA 90012 no later than **ten** days prior to the fairness hearing, (on or before _____); copies of the objection shall also be mailed to the following counsel:  Brodsky & Smith, LLC (attn. Evan Smith) at Two Bala Plaza, Suite 602, Bala Cynwyd, PA 19004 **AND** Greenberg, Traurig, LLC (attn. Gregory Hurley) at 3161 Michelson Drive, Irvine, CA 92612.

**IF YOU DO NOT TIMELY SUBMIT AN OBJECTION AS DESCRIBED ABOVE, YOU WILL BE DEEMED TO HAVE WAIVED YOUR OBJECTION AND SHALL BE FOREVER FORECLOSED FROM MAKING ANY OBJECTION (AT THE FAIRNESS HEARING, BY APPEAL OR OTHERWISE) TO THE SETTLEMENT.**

DETAILED NOTICE OF PROPOSED CLASS ACTION SETTLEMENT
OC 286,489,371v1

EXHIBIT "5"

1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| HENRY PEREIRA, an individual on behalf of himself and all others similarly situated, | CASE NO. CV 07-841 PA (FFMx) |
| | **SUMMARY NOTICE OF PROPOSED CLASS ACTION SETTLEMENT** |
| and | |
| AMERICAN DISABILITY INSTITUTE, a non-profit Pennsylvania Corporation, on behalf of itself and all others similarly situated, | |
| Plaintiffs, | |
| vs. | |
| RALPHS GROCERY COMPANY, | |
| Defendant | |

**TO:** All individuals who are mobility impaired or use wheelchairs or electric scooters for mobility and who, since January 17, 2005, have shopped at or attempted to shop at or will in the future shop at or attempt to shop at any Ralphs store in California.

   **PLEASE READ THIS NOTICE CAREFULLY.  YOUR RIGHTS MAY BE AFFECTED BY LEGAL PROCEEDINGS IN THIS LITIGATION.**

   Class actions entitled *Henry Pereira and American Disability Institute vs. Ralph's Grocery Company*, Case No. CV 07-841 PA and *Sung Park, Rosaura Navar and American Disability Institute vs. Ralph's Grocery Company*, Case No. CV 08-02021 CAS, were filed, alleging that Ralphs Grocery Company ("Ralphs" or "Defendant") violated the Americans with Disabilities Act (the "ADA") and other state laws, including the Disabled Persons Act and the Unruh Act, by failing to make its stores accessible to the mobility-impaired.  These actions seek chain-wide injunctive relief at all Ralphs stores in California, including the parking facilities and outdoor seating areas serving the subject stores (the "Stores").  In both cases, the district court certified the class to seek injunctive and declaratory relief as well as monetary damages.

   The parties to these actions have now agreed to a settlement of both actions, which the class attorneys have recommended that the district court approve.  The settlement is not an admission of wrongdoing or liability by Defendant who has denied any wrongdoing.  Nevertheless, to avoid the expense and uncertainty of protracted litigation, the settlement imposes a number of specific obligations on Defendant with respect to the accessibility of its Stores, including making necessary accessibility modifications and third party inspection for compliance.  Defendant has also agreed to pay the reasonable attorney fees and costs of the class attorneys.  The named plaintiffs in both actions are settling their individual damages claims and will receive $4,000.00 each.

   The Court will hold a fairness hearing at the United States District Court, Roybal Federal Courthouse, 255 E. Temple Street, Room _____, Los Angeles, CA 90012, on___, 2010, at _____, to determine whether the proposed settlement should be approved as fair, reasonable and adequate.  If approved by the Court, this settlement will fully settle all claims of all class members for declaratory and injunctive relief alleged or that could have been alleged in these actions.  **No class member will be able to bring another lawsuit for injunctive or declaratory relief with respect to the accessibility of any Ralphs Store in California.  This settlement will extinguish and/or bar past, pending and future claims/lawsuits for injunctive or declaratory relief with respect to the accessibility of any Ralphs Store in California.  With the exception of the named plaintiffs who have settled their individual damages claim, no class member will recover statutory damages under the settlement, and nothing in this settlement shall affect class members' rights to pursue damages claims that may otherwise exist.**

   Any class member may object to approval of this settlement by following the instructions for objections contained in the Detailed Notice of Proposed Class Action Settlement which is available at no charge by written request to Brodsky & Smith, LLC (attn. Evan Smith) at Two Bala Plaza, Suite 602, Bala Cynwyd, PA 19004, by download

1

SUMMARY NOTICE OF PROPOSED CLASS ACTION SETTLEMENT
OC 286,489,368v1

on the internet at http://www.RalphsCaliforniaDisabledAcessSettlement.com," or by calling_____.  You must object by_____.  If you do not timely submit an objection pursuant to the detailed instructions, you will have deemed to have forever waived any objections to the settlement.

[In Spanish: "A class settlement has been reached that will limit current and future claims/lawsuits of individuals with mobility impairments against Ralphs Grocery Company with respect to the accessibility of any of its stores in California.  Copies of the Detailed Notice of Class Action Settlement with instructions for objecting may be obtained by download on the internet at http://www.RalphsCaliforniaDisabledAcessSettlement.com"  or by calling_____."]

SUMMARY NOTICE OF PROPOSED CLASS ACTION SETTLEMENT
OC 286,489,368v1

EXHIBIT "6"

# EXHIBIT "6"

## DISSEMINATION OF NOTICES

1.     With respect to the issue of the dissemination of the notices of the proposed class action settlement, the parties have agreed to the following:

2.     The Detailed Notice of Proposed Class Action Settlement shall be posted in each Ralphs Store in California in both English and Spanish.  In addition, each store manager will keep extra copies to distribute to anyone who requests a copy.

3.     The Summary Notice of Proposed Class Action Settlement shall be provided by publication daily for thirty (30) days, no larger than one quarter page, in the legal notice section of the following papers of general circulation: The Los Angeles Times, The San Diego Union Tribune, The San Francisco Chronicle, The Sacramento Bee, The Riverside Press, and The Oakland Tribune.  The Summary Notice includes a notice in Spanish that a Spanish version of the Detailed Notice of Proposed Class Action Settlement is available by calling a dedicated number and on the web page described below.

4.     A web page called "RalphsCaliforniaDisabledAcessSettlement.com" will be created and maintained from the date of the Preliminary Approval until the fairness hearing concludes.  The web page will have the following opening page:

> "**Settlement of Claims Against Ralphs Grocery Company for Disabled Access**.  A class settlement agreement has been reached that will limit current and future claims of individuals with mobility impairments against any Ralphs grocery store in California.  **THIS SETTLEMENT WILL EXTINGUISH AND/OR BAR PAST, PENDING, AND FUTURE CLAIMS/LAWSUITS FOR INJUNCTIVE OR DECLARATORY RELIEF WITH RESPECT TO THE ACCESSIBILITY OF ANY RALPHS STORE IN CALIFORNIA.**  Objections to this class settlement agreement must be filed no later than_____.  Click here to review and download the Detailed Notice of Proposed Class Action Settlement with instructions for those individuals who wish to object to this class settlement agreement."

1   The web page will also contain the above quoted paragraph translated to Spanish,

2   Korean, Vietnamese, and Mandarin with links to the Detailed Notice of Proposed Class

3   Action Settlement translated to those languages.

4   5.   As set forth in the Detailed Notice of Proposed Class Action Settlement, at no cost,

5   copies of any or all settlement documents will be sent to anyone submitting a written

6   request to Brodsky & Smith, LLC (attn Evan Smith) at  Brodsky & Smith, LLC, Bala

7   Plaza, Suite 602, Bala Cynwyd, Pennsylvania 19004 or Greenberg, Traurig LLC (attn

8   Gregory Hurley) at 3161 Michelson Drive, Irvine, CA 92612.  In addition, the settlement

9   documents will be available on the web page described above.

MASTER STIPULATION RE CLASS ACTION SETTLEMENT        Case No. CV 07-841 PA (FFMx)
*OC 286,487,802v5*

EXHIBIT "7"

**EXHIBIT "7"**

**ATTORNEYS FEES AND COSTS**

1.      With respect to the issue of Plaintiffs' attorneys fees and costs and payment thereof by Defendant, the following was agreed to as a complete resolution of the issue.

2.      Plaintiffs' Attorneys will file a fee petition with the Court.  The parties agree that Plaintiffs' Attorneys will not seek and will not be awarded more than a total of $593,000 in fees and costs incurred in connection with both the Pereira Action and the Park Action (the "Payment") and for investigating and prosecuting these claims. Defendant has reviewed Plaintiffs' fees and costs and agrees to support Plaintiffs' Attorneys' fee motion as fair and reasonable provided that the total amount of fees and costs sought for both actions is not more than $593,000.  The Payment is in full and complete satisfaction of any all claims for attorneys fees and costs incurred in the Pereira Action and the Park Action against Defendant, whether for injunctive relief, declaratory relief, damages, or otherwise.  The Payment includes all future fees the named Plaintiffs or class plaintiffs may incur in monitoring, evaluating, or otherwise reviewing compliance with this Settlement Agreement.

3.      In the event that the Pereira Court awards Plaintiffs' Attorneys less than $593,000 in fees and costs, Plaintiffs reserve the right to seek the balance (and no more than the balance) from the Park Court for the time and costs spent in the Park Action.

4.      If no appeal is filed challenging the approval of the class settlement, then the Payment shall be made within 10 days after the date on which the Final Approval and the award of attorneys' fees and/or costs becomes final and non-appealable by operation of law.  If an appeal is filed challenging the approval of the class settlement, the Payment shall be made 10 days after the appeal is resolved.  Defendant agrees to pay interest at the legal rate on the fee award from the day the notice of appeal is filed until the appeal is resolved.  In the event the fee award is reduced on appeal, Defendant shall only remit the amount that is awarded and becomes final plus any applicable interest thereon that had been accrued.  The Payment shall be made payable to Brodsky & Smith, LLC and

21

1  delivered to 2 Bala Plaza, Suite 602, Bala Cynwyd, Pennsylvania 19004 as paying agent

2  from Plaintiffs' counsel for distribution to and among Plaintiffs' counsel.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MASTER STIPULATION RE CLASS ACTION SETTLEMENT     Case No. CV 07-841 PA (FFMx)

EXHIBIT "8"

**EXHIBIT "8"**

**COMPLIANCE WITH ACCESSIBILITY LAWS**

On a continuing basis, Defendant has inspected and modified its Stores to make them fully accessible to the mobility impaired by improving all variations from current state and federal accessibility standards, whether within the scope of the barriers alleged in the Pereira or Park Actions or not.

In addition, numerous Ralphs stores have already been surveyed and improved under an agreement with the California State Lottery and the California State Lottery's independent surveys. All California State Lottery work has been completed.

Further, through out the litigation, Class Counsel has had virtually every Ralphs store location in the State of California inspected by an accessibility expert/ICC certified accessibility inspector and plans examiner. The expert's reports/surveys generated as a result of these inspections have been supplied to Ralphs. Thereafter, Class Counsel and their expert received and reviewed documentary evidence, including, inter alia, site plans, blue prints, invoices, and numerous photographs depicting the condition of Ralphs' Stores after Ralphs' inspections and/or modifications. In addition, Class Counsel's expert has re-inspected approximately 200 locations to further confirm that modifications were completed subsequent to the initial inspections and agrees that the result is increased accessibility for members of the class.

As part of this Settlement Agreement, with respect to each and every issue pertaining to mobility accessibility at Defendant's Stores under federal and state law, the following was agreed to as a complete resolution:

Defendant will re-inspect all of its Stores and make all necessary accessibility improvements. To provide confirmation of Ralphs' improvements, all of Defendant's Stores will be inspected by independent California Certified Access Specialist Professional(s) or California Licensed Architect(s) or Contractor(s) selected by the parties. The inspector(s) will examine all public areas of Ralphs' Stores and provide a

MASTER STIPULATION RE CLASS ACTION SETTLEMENT      Case No. CV 07-841 PA (FFMx)
OC 286,487,802v5

written report of compliance to class counsel and Defendant.  The compliance report will be of the form Defendant and the inspector(s) agree to.  Defendant shall fix all items identified by the inspector(s) unless not required by applicable law.  Improvements at Ralphs' Stores will be finished within three years from the date of Final Approval and written confirmation will then be provided to class counsel.

MASTER STIPULATION RE CLASS ACTION SETTLEMENT        Case No. CV 07-841 PA (FFMx)
OC 286,487,802v5

EXHIBIT "9"

**EXHIBIT "9"**

**RALPHS' DISABLED PATRON'S POLICY**

With respect to each and every issue pertaining to Ralphs' Disabled Patron's Policy,  the following was agreed to as a complete resolution:

1.      The Court has already approved Ralphs' Disabled Patron's Policy and ruled that it did not cause or contribute to any accessibility problems at its stores.  (10/25/07 Anderson Order, at 4-5).

2.      Ralphs will amend its Disabled Patron's Policy to specifically provide for periodic inspection of its restrooms and parking facilities.

MASTER STIPULATION RE CLASS ACTION SETTLEMENT      Case No. CV 07-841 PA (FFMx)
*OC 286,487,802v5*

EXHIBIT "10"

# Ralphs Stores In California

| 1. | 3963 Thousand Oaks Blvd., Thousand Oaks, CA 91360 |
|---|---|
| 2. | 5170 Hollister Ave., Goleta, CA 93111 |
| 3. | 5727 Kanan Rd., Agoura, CA 91301 |
| 4. | 591 Country Club Dr., Simi Valley, CA 93065 |
| 5. | 2726 Los Angeles Ave., Simi Valley, CA 93065 |
| 6. | 615 W. Channel Islands, Port Hueneme, CA 93041 |
| 7. | 3443 Saviers Rd., Oxnard, CA 93033 |
| 8. | 4754 Commons Way, Calabasas, CA 91302 |
| 9. | 22915 Victory Blvd., West Hills, CA 91307 |
| 10. | 1240 Los Osos Valley Rd., Los Osos, Ca 93402 |
| 11. | 1500 N. Moorpark Road, Thousand Oaks, CA 91360 |
| 12. | 9372 Telephone Rd., Ventura, CA 93004 |
| 13. | 2840 De La Vina, Santa Barbara, CA 93105 |
| 14. | 201 Madonna Road, San Luis Obispo, CA 93405 |
| 15. | 1776 Victoria Ave., Ventura, CA 93003 |
| 16. | 100 West Carrillo Street, Santa Barbara, CA 93101 |
| 17. | 22333 Sherman Way, Canoga Park, CA 91303 |
| 18. | 101 W. Los Angeles Ave., Moorpark, CA 93021 |
| 19. | 583 N. Ventu Park Rd., Newbury Park, CA 91320 |
| 20. | 23841 W. Malibu Road, Malibu, CA 90265 |
| 21. | 674 Las Posas, Camarillo, CA 93010 |
| 22. | 17840 Ventura Blvd., Encino, CA 91316 |

| 23. | 8325 Laurel Canyon, Sun Valley, CA 91352 |
| 24. | 18300 Vanowen St., Reseda, CA 91335 |
| 25. | 14049 Ventura Blvd., Sherman Oaks, CA 91403 |
| 26. | 7221 Woodman Ave., Van Nuys, CA 91423 |
| 27. | 10900 Magnolia Blvd., No. Hollywood, CA 91601 |
| 28. | 12921 Magnolia Blvd., Van Nuys, CA 91423 |
| 29. | 20060 Ventura Blvd., Woodland Hills, CA 91364 |
| 30. | 21909 Ventura Blvd., Woodland Hills, CA 91364 |
| 31. | 19781 Rinaldi St., Northridge, CA 91326 |
| 32. | 10901 Ventura Blvd., Studio City, CA 91604 |
| 33. | 17250 Saticoy St., Van Nuys, CA 91406 |
| 34. | 25 E. Alameda Ave., Burbank, CA 91502 |
| 35. | 16325 Ventura Blvd., Encino, CA 91436 |
| 36. | 18010 Chatsworth St., Granada Hills, CA 91344 |
| 37. | 2600 W. Victory, Burbank, CA 91505 |
| 38. | 12842 Ventura Blvd., Studio City, CA 91604 |
| 39. | 14440 Burbank Blvd., Van Nuys, CA 91401 |
| 40. | 16940 Devonshire St., Granada Hills, CA 91344 |
| 41. | 21431 Devonshire St., Chatsworth, CA 91311 |
| 42. | 6657 Laurel Canyon Rd., No. Hollywood, CA 91606 |
| 43. | 1100 N. San Fernando Bl., Burbank, CA 91504 |
| 44. | 10400 N. Sepulveda Blvd., Mission Hills, CA 91345 |
| 45. | 2675 Foothill Blvd., La Crescenta, CA 91214 |

| 46. | 1745 Garfield Ave., South Pasadena, CA 91030 |
|-----|----------------------------------------------|
| 47. | 10455 Sunland Blvd., Sunland, CA 91040 |
| 48. | 521 W. Foothill Blvd., La Canada, CA 91011 |
| 49. | 1416 E. Colorado, Glendale, CA 91205 |
| 50. | 29675 The Old Road North, Castaic, CA 91384 |
| 51. | 2230 Atlantic Blvd., Monterey Park, CA 91754 |
| 52. | 160 N. Lake, Pasadena, CA 91101 |
| 53. | 1200 N. Central, Glendale, CA 91202 |
| 54. | 211 N. Glendale Ave., Glendale, CA 91206 |
| 55. | 31970 N. Castaic Rd., Castaic, CA 91384 |
| 56. | 27760 N. McBean Pkwy, Valencia, CA 91354 |
| 57. | 345 East Main St., Alhambra, CA 91801 |
| 58. | 24860 Orchard Village Rd., Santa Clarita, CA 91355 |
| 59. | 1010 N. Glendale Ave., Glendale, CA 91206 |
| 60. | 8936 Glenoaks Blvd., Sun Valley, CA 91352 |
| 61. | 12689 Glenoaks, Slymar, CA 91342 |
| 62. | 330 N. Atlantic Blvd., Monterey Park, CA 91754 |
| 63. | 1969 West Avenue L, Lancaster, CA 93534 |
| 64. | 19340 Soledad Canyon Rd., Canyon Country, CA 91351 |
| 65. | 25930 McBean Parkway, Valencia, CA 91355 |
| 66. | 320 W. Colorado, Pasadena, CA 91105 |
| 67. | 24975 Pico Canyon Rd., Stevenson Ranch, CA 91381 |
| 68. | 1193 Huntington Dr., Duarte, CA 91010 |

| 69. | 7369 Milliken Ave., Rancho Cucamonga, CA 91730 |
|-----|------------------------------------------------|
| 70. | 9320 Slauson Ave., Pico Rivera, CA 90660 |
| 71. | 211 E. Foothill Blvd., Arcadia, CA 91006 |
| 72. | 12660 Limonite, Corona, CA 92880 |
| 73. | 9470 Las Tunas Dr., Temple City, CA 91780 |
| 74. | 14919 Whittier Blvd., Whittier, CA 90605 |
| 75. | 1180 Diamond Bar Blvd., Diamond Bar, CA 91765 |
| 76. | 8510 Painter Ave., Whittier, CA 90602 |
| 77. | 655 S. Grand Ave., Glendora, CA 91740 |
| 78. | 1005 W. Arrow Hwy, San Dimas, CA 91773 |
| 79. | 16 East Live Oak, Arcadia, CA 91006 |
| 80. | 11825 Whittier Blvd., Whittier, CA 90601 |
| 81. | 1837 E. 4th St., Ontario, CA 91765 |
| 82. | 12835 Mountain Ave., Chino, CA 91710 |
| 83. | 520 S. Workman Mill Rd., Bassett, CA 91746 |
| 84. | 2270 N. Lake Ave., Altadena, CA 91001 |
| 85. | 12201 Highland Ave., Rancho Cucamonga, CA 91730 |
| 86. | 7243 Haven Ave., Rancho Cucamonga, CA 91701 |
| 87. | 3601 E. Foothill Blvd., Pasadena, CA 91107 |
| 88. | 1101 W. Huntington Dr., Arcadia, CA 91007 |
| 89. | 3075 S. Archibald Bldg. C, Ontario, CA 91761 |
| 90. | 645 West 9th St., Los Angles, CA 90015 |
| 91. | 260 S. La Brea Ave., Los Angeles, CA 90036 |

| 92. | 12057 Wilshire Blvd., Los Angeles, CA 90025 |
|-----|-----|
| 93. | 3827 Culver Center, Culver City, CA 90232 |
| 94. | 7257 W. Sunset Blvd., Hollywood, CA 90046 |
| 95. | 10309 W. Olympic Blvd., Los Angeles, CA 90064 |
| 96. | 9616 W. Pico Blvd., Los Angeles, CA 90035 |
| 97. | 5429 Hollywood Blvd., Los Angeles, CA 90027 |
| 98. | 11727 Olympic Blvd., Los Angeles, CA 90064 |
| 99. | 4700 Admiralty Way, Marina Del Rey, CA 90292 |
| 100. | 4311 Lincoln Blvd., Marina Del Rey, CA 90292 |
| 101. | 910 Lincoln Blvd., Venice, CA 90291 |
| 102. | 10772 Jefferson Blvd., Culver City, CA 90230 |
| 103. | 5601 Wilshire Blvd., Los Angeles, CA 90036 |
| 104. | 1644 Cloverfield Ave., Santa Monica, CA 90404 |
| 105. | 1233 N. La Brea, West Hollywood, CA 90038 |
| 106. | 15120 Sunset Blvd., Pacific Palisades, CA 90272 |
| 107. | 11361 National Blvd., Los Angeles, CA 90064 |
| 108. | 9040 W. Beverly Blvd., West Hollywood, CA 90048 |
| 109. | 2520 Glendale Blvd., Los Angeles, CA 90039 |
| 110. | 10861 Le Conte, Westwood, CA 90024 |
| 111. | 670 S. Western Ave., Los Angeles, CA 90005 |
| 112. | 3410 West Third St., Los Angeles, CA 90020 |
| 113. | 3300 W. Slauson Ave., Los Angeles, CA 90043 |
| 114. | 16123 S. Bellflower Blvd., Bellflower, CA 90706 |

| 115. | 2201 Redondo Beach Blvd., Gardena, CA 90247 |
| 116. | 11541 E. Rosecrans, Norwalk, CA 90650 |
| 117. | 9200 Lakewood Blvd., Downey, CA 90240 |
| 118. | 5245 W. Centinela Ave., Los Angeles, CA 90045 |
| 119. | 8825 Sepulveda Blvd., Los Angeles, CA 90045 |
| 120. | 619 E. University Dr., Carson, CA 90746 |
| 121. | 17500 Crenshaw Blvd., Torrance, CA 90504 |
| 122. | 280 E. Compton Blvd., Compton, CA 90220 |
| 123. | 11922 S. Vermont Ave., Los Angeles, CA 90044 |
| 124. | 11873 S. Hawthorne Bl., Hawthorne, CA 90250 |
| 125. | 1730 W. Manchester Av., Los Angeles, CA 90047 |
| 126. | 950 N. La Brea, Inglewood, CA 90302 |
| 127. | 8701 Lincoln Blvd., Los Angeles, CA 90045 |
| 128. | 4030 S. Western Ave., Los Angeles, CA 90062 |
| 129. | 5080 Rodeo Rd., Los Angeles, CA 90016 |
| 130. | 3670 Crenshaw Blvd., Los Angeles, CA 90016 |
| 131. | 4760 W. Pico Blvd., Los Angeles, CA 90019 |
| 132. | 2600 S. Vermont Ave., Los Angeles, CA 90007 |
| 133. | 8626 Firestone Blvd., Downey, CA 90241 |
| 134. | 3380 N. Los Coyotes Diagonal, Long Beach, CA 90808 |
| 135. | 5760 East 7th St., Long Beach, CA 90803 |
| 136. | 1050 N. Western, San Pedro, CA 90732 |
| 137. | 5035 Pacific Coast Hwy, Torrance, CA 90505 |

OC 286,488,137v1

| 138. | 3455 Sepulveda Blvd., Torrance, CA 90505 |
|------|-------------------------------------------|
| 139. | 1413 Hawthorne Blvd., Redondo Beach, CA 90278 |
| 140. | 1770 Carson St., Torrance, CA 90501 |
| 141. | 5951 Del Amo Blvd., Lakewood, CA 90713 |
| 142. | 2700 Sepulveda Blvd., Manhattan Beach, CA 90266 |
| 143. | 6290 E. Pacific Coast Hwy., Long Beach, CA 90803 |
| 144. | 1930 Lakewood Blvd., Long Beach, CA 90815 |
| 145. | 2250 E. Carson St., Long Beach, CA 90807 |
| 146. | 1100 Pacific Coast Hwy, Hermosa Beach, CA 90254 |
| 147. | 20137 Pioneer Blvd., Lakewood, CA 90715 |
| 148. | 2930 E. Fourth St., Long Beach, CA 90814 |
| 149. | 650 E. Carson St., Carson, CA 90745 |
| 150. | 24911 Western Ave., Lomita, CA 90717 |
| 151. | 12470 Seal Beach Blvd., Seal Beach, CA 90740 |
| 152. | 3210 E. Anaheim St., Long Beach, CA 90804 |
| 153. | 4250 Long Beach Blvd., Long Beach, CA 90807 |
| 154. | 500 N. Sepulveda Blvd., El Segundo, CA 90245 |
| 155. | 30019 Hawthorne Blvd., Palos Verdes Penn, CA 90274 |
| 156. | 2909 Rolling Hills Rd., Torrance, CA 90505 |
| 157. | 10081 Adams Ave., Huntington Beach, CA 92646 |
| 158. | 18405 Brookhurst, Fountain Valley, CA 92708 |
| 159. | 3330 Yorba Linda Blvd., Fullerton, CA 92831 |
| 160. | 12051 Euclid Ave., Garden Grove, CA 92840 |

| 161. | 1121 N. Harbor Blvd., Fullerton, CA 92832 |
| 162. | 13321 E. South St., Cerritos, CA 90701 |
| 163. | 6080 Ball Road, Buena Park, CA 90620 |
| 164. | 2030 E. Lincoln Ave., Anaheim, CA 92806 |
| 165. | 5241 Warner Ave., Huntington Beach, CA 92649 |
| 166. | 711 S. Weir Canyon Rd., Anaheim, CA 92808 |
| 167. | 2661 Green River Rd., Corona, CA 92882 |
| 168. | 5400 Beach Blvd., Buena Park, CA 90621 |
| 169. | 305 W. Imperial Hwy, Brea, CA 92821 |
| 170. | 4033 Ball Road, Cypress, CA 90630 |
| 171. | 2809 E. Lincoln, Anaheim, CA 92806 |
| 172. | 5420 La Palma, La Palma, CA 90623 |
| 173. | 915 S. Brookhurst, Anaheim, CA 92804 |
| 174. | 19081 Goldenwest St., Huntington Beach, CA 92648 |
| 175. | 9091 Garfield, Fountain Valley, CA 92708 |
| 176. | 710 North Rose Drive, Placentia, CA 92870 |
| 177. | 11647 Cherry, Fontana, CA 92335 |
| 178. | 74-884 Country Club Dr., Palm Desert, CA 92260 |
| 179. | 3350 La Sierra Ave., Riverside, CA 92503 |
| 180. | 16225 Sierra Lakes Parkway, Fontana, CA 92336 |
| 181. | 14574 Baseline Ave., Fontana, CA 92336 |
| 182. | 6155 Magnolia Ave., Riverside, CA 92504 |
| 183. | 315 E. Alessandro Blvd., Riverside, CA 92508 |

| | |
|---|---|
| 184. | 23575 Sunnymead Rch, Moreno Valley, CA 92557 |
| 185. | 49908 Jefferson St., Indio, CA 92201 |
| 186. | 74895 Highway 111, Indian Wells, CA 92210 |
| 187. | 1733 E. Palm Canyon Dr., Palm Springs, CA 92262 |
| 188. | 14528 Palmdale Ave., Victorville, CA 92392 |
| 189. | 50-929 Washington St., La Quinta, CA 92253 |
| 190. | 5225 Canyon Crest, Riverside, CA 92507 |
| 191. | 425 South Sunrise Way, Bldg. A, Palm Springs, CA 92262 |
| 192. | 42150 Washington St., Bermuda Dunes, CA 92203 |
| 193. | 2008 N. Riverside Ave., Rialto, CA 92377 |
| 194. | 20220 Highway 18, Apple Valley, CA 92307 |
| 195. | 4444 University Parkway, San Bernardino, CA 92407 |
| 196. | 1435 W. Chapman Ave., Orange, CA 92868 |
| 197. | 2741 W. MacArthur Blvd., Santa Ana, CA 92704 |
| 198. | 380 E. 17th Street, Costa Mesa, CA 92627 |
| 199. | 17801 Santiago Blvd., Villa Park, CA 92861 |
| 200. | 25104 Marguerite Pkwy, Mission Viejo, CA 92691 |
| 201. | 31481 S. Margarita Pkwy, Rancho Santa Margarita, CA 92688 |
| 202. | 21751 Lake Forest Dr., Lake Forest, CA 92630 |
| 203. | 17605 Harvard Ave., Irvine, CA 92614 |
| 204. | 26751 Portola Pkwy, Foothill Ranch, CA 92610 |
| 205. | 27730 Santa Marguerite Pkwy, Mission Viejo, CA 92691 |
| 206. | 13321 Jamboree Road, Tustin, CA 92782 |

| 207. | 2620 E. Chapman Ave., Orange, CA 92869 |
|------|----------------------------------------|
| 208. | 5345 Alton Parkway, Irvine, CA 92604 |
| 209. | 14400 Culver Drive, Irvine, CA 92604 |
| 210. | 1114 Irvine Blvd., Tustin, CA 92780 |
| 211. | 25539 Paseo De Valencia, Laguna Hills, CA 92653 |
| 212. | 26911 Trabuco Rd., Mission Viejo, CA 92691 |
| 213. | 23716 El Toro Rd., Lake Forest, CA 92630 |
| 214. | 6300 Irvine Blvd., Irvine, CA 92620 |
| 215. | 2555 East Bluff Dr., Newport Beach, CA 92660 |
| 216. | 1150 Irvine Ave., Newport Beach, CA 92660 |
| 217. | 5331 University Dr., Irvine, CA 92612 |
| 218. | 700 S. Coast Hwy, Laguna Beach, CA 92651 |
| 219. | 638 Camino de Los Mares, San Clemente, CA 92672 |
| 220. | 27871 La Paz Rd., Laguna Niguel, CA 92677 |
| 221. | 101 Old Grove Road, Oceanside, CA 92057 |
| 222. | 2417 E. Valley Pkwy, Escondido, CA 92027 |
| 223. | 1702 Oceanside Blvd., Oceanside, CA 92054 |
| 224. | 23801 Washington Ave., Murrieta, CA 92562 |
| 225. | 3533 Cannon Road, Oceanside, CA 92056 |
| 226. | 30125 Antelope Rd., Menifee, CA 92584 |
| 227. | 31874 Del Obispo St., San Juan Capistrano, CA 92675 |
| 228. | 24871 Del Prado, Dana Point, CA 92629 |
| 229. | 903 S. El Camino Real, San Clemente, CA 92672 |

| 230. | 811 Avenida Talega, San Clemente, CA 92673 |
| 231. | 4251 Oceanside Blvd., Oceanside, CA 92054 |
| 232. | 306 Twin Oaks Valley Rd., San Marcos, CA 92078 |
| 233. | 33145 Temecula Parkway, Temecula, CA 92592 |
| 234. | 40473 Murrieta Hot Spring Rd., Murrieta, CA 92563 |
| 235. | 28231 Crown Valley Pkwy., Laguna Niguel, CA 92677 |
| 236. | 32555 Golden Lantern, Dana Point, CA 92629 |
| 237. | 40545 California Oaks Rd., Murrieta, CA 92562 |
| 238. | 26901 Aliso Creek Road, Aliso Viejo, CA 92656 |
| 239. | 11875 Carmel Mountain Rd., San Diego, CA 92128 |
| 240. | 9440 Mira Mesa Blvd., San Diego, CA 92126 |
| 241. | 1020 University Ave., San Diego, CA 92103 |
| 242. | 2652 Jamacha Rd., El Cajon, CA 92019 |
| 243. | 780 Otay Lakes Rd., Chula Vista, CA 91910 |
| 244. | 5680 Mission Center Rd., San Diego, CA 92108 |
| 245. | 901 Euclid Ave., National City, CA 91950 |
| 246. | 300 N. Second St., El Cajon, CA 92021 |
| 247. | 8800 Grossmont Blvd., La Mesa, CA 91942 |
| 248. | 10525 4S Commons Dr., San Diego, CA 92127 |
| 249. | 3515 Sports Arena, San Diego, CA 92110 |
| 250. | 4239 Genesee Ave., San Diego, CA 92117 |
| 251. | 8657 Villa La Jolla Drive, La Jolla, CA 92037 |
| 252. | 101 G Street, San Diego, CA 92101 |

| 253. | 3011 Alta View Drive, San Diego, CA 92139 |
| 254. | 3455 Del Mar Heights Rd., San Diego, CA 92130 |
| 255. | 125 N. El Camino Real, Encinitas, CA 92024 |
| 256. | 7140 Avenida Encinas, Carlsbad, CA 92010 |
| 257. | 4315 Mission Blvd., San Diego, CA 92109 |
| 258. | 6670 Montezuma Rd., San Diego, CA 92115 |
| 259. | 659 East Palomar Street, Chula Vista, CA 91911 |

All stores acquired by Ralphs after the Effective Date of this Settlement Agreement shall be subject to its terms, obligations, and protections, including without limitation to the inspector's examination and verification of the stores' compliance with accessibility requirements.

EXHIBIT "11"

GREENBERG TRAURIG, LLP
GREGORY F. HURLEY (SBN 126791)
E-mail: hurleyg@gtlaw.com
MICHAEL J. CHILLEEN (SBN 210704)
E-mail: chilleenm@gtlaw.com
3161 Michelson Drive, Suite 1000
Irvine, California 92612
Telephone: (949) 732-6500
Facsimile: (949) 732-6501

*Attorneys for Defendant,*
*RALPHS GROCERY COMPANY*

BRODSKY & SMITH, LLC
Evan J. Smith (SBN 242352)
E-mail: esmith@brodsky-smith.com
Jason L. Brodsky, Esquire (*pro hac vice*)
Two Bala Plaza, Suite 602
Bala Cynwyd, PA 19004
Telephone: (610) 667-6200
Facsimile: (610) 667-9029

BERGER & MONTAGUE
Todd S. Collins (admitted *pro hac vice*)
Douglas Risen (admitted *pro hac vice*)
1622 Locust Street
Philadelphia, PA 19102
Telephone: (215) 875-3000
Fax: (215) 875-4604

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| HENRY PEREIRA, an individual on behalf of himself and all others similarly situated,<br><br>and<br><br>AMERICAN DISABILITY INSTITUTE, a non-profit Pennsylvania Corporation, on behalf of itself and all others similarly situated,<br><br>       Plaintiffs,<br><br>vs.<br><br>RALPHS GROCERY COMPANY,<br><br>       Defendant | CASE NO. CV 07-841 PA (FFMx)<br><br>**[PROPOSED] FINAL ORDER AND JUDGMENT** |

## FINAL ORDER AND JUDGMENT

A hearing having been held before the Court on the _____ day of _____, 2010 to determine: (1) whether the terms and conditions of the class settlement described in the Master Stipulation re Class Action Settlement (the "Settlement Agreement") should be approved as fair, reasonable and adequate; (2) whether judgment should be entered dismissing this action on the merits and with prejudice in favor of the Defendant and as against all named plaintiffs and members of the settlement class; (3) the adequacy of notice; and (4) whether and in what amount to award attorneys' fees and reimbursement of expenses to class counsel.  The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that notice of the proposed Settlement Agreement and the fairness hearing substantially in the form approved by the Court was completed as ordered by the Preliminary Approval Order; and the Court having considered and determined the fairness and reasonableness of the award of attorneys fees and reimbursement of expenses requested;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1.    The Court has jurisdiction over the subject matter of this action, the named plaintiffs, the other members of the settlement class, and the Defendant.

2.    The Court finds that the dissemination of the Detailed Notice of Proposed Class Action Settlement and Summary Notice of Proposed Class Action constituted reasonable notice under the circumstances to the class and meets the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law, and shall constitute due and sufficient notice to all persons entitled thereto.

3.    The Court approves the terms of the settlement, as set forth in the Settlement Agreement, including the releases being given, as fair, reasonable, and adequate.  The Settlement Agreement and its terms, including the releases, are hereby incorporated into this Final Order and Judgment.  The parties are directed to perform in accordance with the terms set forth in the Settlement Agreement.

1

4.      Pursuant to the Settlement Agreement, all claims for injunctive and declaratory relief contained in this action, as well as all other settled claims, are dismissed with prejudice as to the named plaintiffs and all other class members.  By operation of the Final Order and Judgment and the terms of the Settlement Agreement and the releases therein, the named plaintiffs and all other class members shall be, and are hereby, precluded from filing or pursuing any settled claim under federal or state law. Pursuant to the Settlement Agreement, except for the named plaintiffs who settled their individual damages claims, all damages claims in this action are dismissed without prejudice.

5.      Defendant may use the Settlement Agreement and/or the Final Order and Judgment from this action in any other action that may be brought against it in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction of any theory of claim preclusion or issue preclusion or similar defense or counterclaim.  The parties, their respective counsel or any other member of the class may use the Settlement Agreement and/or the Final Order and Judgment from this action in any proceeding brought to enforce any of the terms or provisions of the settlement.

6.      Class counsel are hereby awarded $_____ in attorneys' fees, which the Court finds to be fair and reasonable, and $_____ in reimbursement of expenses.

7.      Without affecting in any way the finality of this Final Order and Judgment or the dispute resolution procedures set forth in the Settlement Agreement, the Court shall retain jurisdiction over this action for three years for purposes of enforcing the terms of the Settlement Agreement.

Dated: _____          _____
                                   HONORABLE PERCY ANDERSON
                                   UNITED STATES DISTRICT JUDGE