SEND

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 07-841 PA (FFMx)<br>CV 08-2021 PA (RCx) | Date | July 1, 2010 |
|---|---|---|---|
| Title | Henry Pereira, et al. v. Ralph's Grocery Co.<br>Sung Park, et al. v. Ralph's Grocery Co. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |

**Proceedings:**     IN CHAMBERS - COURT ORDER

Before the Court is a Motion for Final Approval of Class Action Settlement and Motion for Attorneys' Fees and Costs filed by plaintiffs Henry Pereira, Rosaura Navar, Sung Park and the American Disability Institute ("Plaintiffs").  The Court held a Final Fairness Hearing on June 28, 2010, at which the parties and objectors to the settlement agreement were present.  For the reasons set forth below, the Court grants both the Motion for Final Approval of the Class Action Settlement and the Motion for Attorneys' Fees and Costs.

## I.     FACTUAL & PROCEDURAL BACKGROUND

On January 17, 2007, plaintiffs Henry Pereira and American Disability Institute ("ADI") filed a putative class action ("the Pereira action") against Ralph's Grocery Company ("Defendant") in Los Angeles County Superior Court, alleging that 23 of Defendant's grocery stores in Southern California did not provide sufficient access to persons who use wheelchairs or scooters for mobility.  The complaint alleged violations of the Americans with Disabilities Act ("ADA"), the Unruh Civil Rights Act ("Unruh Act"), and the California Disabled Persons Act ("CDPA").  On February 5, 2007, Ralphs removed the action to this Court by invoking federal question jurisdiction.  On July 2, 2007, the Court granted the plaintiffs' motion for class certification, certifying the following class under Federal Rule of Civil Procedure 23(b)(2):

> All individuals with disabilities who use wheelchairs or electric scooters for mobility who, during a time period to be determined by this Court, were denied, or are currently being denied, on the basis of disability, full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of the twenty-three (23) California Ralphs Grocery Company stores identified in the Complaint.

On October 25, 2007, the Court granted Ralphs' motion for summary judgment and dismissed the

SEND

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-841 PA (FFMx)<br>CV 08-2021 PA (RCx) | Date | July 1, 2010 |
|---|---|---|---|
| Title | Henry Pereira, et al. v. Ralph's Grocery Co.<br>Sung Park, et al. v. Ralph's Grocery Co. | | |

plaintiffs' ADA claims as moot. The Court declined to exercise supplemental jurisdiction over those claims brought under the CDPA and Unruh Act because it only had original jurisdiction over the ADA claims. The plaintiffs subsequently filed a Notice of Appeal to the Ninth Circuit on January 10, 2008. On August 27, 2009, the Ninth Circuit reversed and remanded the action to this Court, finding that the ADA claims were not moot.

While the Pereira appeal was pending before the Ninth Circuit, plaintiffs Sung Park, Rosaura Navar, and ADI filed a separate action against Ralphs in Los Angeles County Superior Court, in which they alleged the existence of similar violations in the remainder of Ralphs' California stores ("the Park action"). The Park action, like the Pereira action, alleges that Ralphs violated the ADA, the Unruh Act, and the CDPA. On March 26, 2008, Ralphs removed the Park action to this Court. On October 6, 2008, the Court granted class certification under Federal Rule of Civil Procedure 23(b)(2) for the following class of plaintiffs:

> All individuals with disabilities who use wheelchairs or electric scooters for mobility who, during a time period to be determined by this Court, were denied, or are currently being denied, on the basis of disability, full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of all corporate owned Ralphs Grocery Company stores in California excluding the 23 locations presently the subject of litigation in Pereira v. Ralphs, CV 07-841 PA (FFMx).

On November 2, 2009, the plaintiffs in both the Pereira and Park actions ("Plaintiffs") moved for preliminary approval of a settlement agreement ("Settlement Agreement") to settle all claims in both actions.

On March 24, 2010, the Court granted preliminary approval of the Settlement Agreement and consolidated the actions for the purposes of settlement. Now, Plaintiffs seek final approval of the Settlement Agreement and approval of an award of attorneys' fees and costs to which the parties have agreed. After conducting the final fairness hearing and carefully considering the terms of the Settlement, the Court finds that the Settlement Agreement is fair, reasonable, and adequate, and grants class counsel's request for attorneys' fees and costs.

SEND

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-841 PA (FFMx)<br>CV 08-2021 PA (RCx) | Date | July 1, 2010 |
|---|---|---|---|
| Title | Henry Pereira, et al. v. Ralph's Grocery Co.<br>Sung Park, et al. v. Ralph's Grocery Co. | | |

II.     ANALYSIS

    A.     **Standard for Final Approval of Class Action Settlement**

In order to grant final approval of the parties' proposed Settlement Agreement, the Court must determine whether the Agreement meets the class-action settlement requirements of Rule 23(e).

Rule 23(e) requires a district court to determine whether a proposed class action settlement is "fundamentally fair, adequate, and reasonable." Staton v. Boeing Co., 327 F.3d 938, 959 (9th Cir. 2003). To make this determination, the court must consider a number of factors, including: (1) the strength of plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed, and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement. See id. Also, the settlement may not be the product of collusion among the negotiating parties. In re Mego Fin. Corp. Sec. Litig., 213 F.3d 454, 458 (9th Cir. 2000). The Ninth Circuit has declared that a strong judicial policy favors settlement of class actions. Class Plaintiffs v. City of Seattle, 955 F.2d 1268, 1276 (9th Cir. 1992).

In evaluating a proposed settlement, "[i]t is the settlement taken as a whole, rather than the individual component parts, that must be examined for overall fairness." Hanlon v. Chrysler Corp., 150 F.3d 1011, 1026 (9th Cir. 1998). The court "does not have the ability to delete, modify, or substitute certain provisions." Id. "The settlement must stand or fall in its entirety." Id. The question is not whether the settlement "could be prettier, smarter, or snazzier," but only "whether it is fair, adequate, and free from collusion." Id. at 1027.

Procedurally, the approval of a class action settlement occurs in two stages. In the first stage of the approval process, "the court preliminarily approve[s] the Settlement pending a fairness hearing, temporarily certifie[s] the Class . . . , and authorize[s] notice to be given to the Class." West v. Circle K Stores, Inc., No. 04-0438, 2006 U.S. Dist. LEXIS 42074 at *2 (E.D. Cal. June 13, 2006) (internal citations omitted). At the fairness hearing, after notice is given to putative class members, the court entertains any of their objections to (1) the treatment of this litigation as a class action and/or (2) the terms of the settlement. See Diaz v. Trust Territory of Pac. Islands, 876 F.2d 1401, 1408 (9th Cir. 1989) (holding that prior to approving the dismissal or compromise of claims containing class allegations, district courts must, pursuant to Rule 23(e), hold a hearing to "inquire into the terms and circumstances of any dismissal or compromise to ensure that it is not collusive or prejudicial"). Following the fairness hearing, the court makes a final determination as to whether the parties should be allowed to settle the class action pursuant to the terms agreed upon. Nat'l Rural Telcomms. Coop. v. DIRECTV, Inc., 221

**SEND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-841 PA (FFMx)<br>CV 08-2021 PA (RCx) | Date | July 1, 2010 |
|---|---|---|---|
| Title | Henry Pereira, et al. v. Ralph's Grocery Co.<br>Sung Park, et al. v. Ralph's Grocery Co. | | |

F.R.D. 523, 525 (C.D. Cal. 2004).

    B.    **Final Approval of the Class Action Settlement is Warranted**

    The Court concludes that the proposed Settlement Agreement submitted by the parties is fair, adequate, and free from collusion. In exchange for the class members' release of any claims for declaratory or injunctive relief based on the access issues raised in the Park and Pereira complaints, Ralphs has agreed to have all of its California stores inspected by accessibility experts, who will then make recommendations regarding the removal of any barriers to accessibility. Within three years of the date of final approval of the Settlement Agreement, Ralphs will make all accessibility improvements that are cited in the experts' reports that are required by law.

    As discussed at the Final Fairness Hearing, this Court will not be retaining jurisdiction over this matter. However, this does not preclude any party from bringing an action in the appropriate forum to enforce the terms of the Settlement Agreement.

    In its Order granting preliminary approval of the Settlement Agreement, the Court addressed the fairness and adequacy of the proposed Settlement in light of the strength of Plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; and the experience and views of counsel. The Court's analysis of those factors has not changed and will not be repeated here. However, in the time since the Court granted preliminary approval of the Settlement Agreement and notice was provided to the class, the Court has received a number of objections to the Settlement Agreement, which it will now address.

    Of the thousands of disabled individuals who will likely be affected by this Settlement Agreement, only 13 filed written objections. An additional objection was verbally made at the Final Fairness Hearing. Such a relatively low number of objections is an important indication that the proposed Settlement Agreement is fair and adequate. See Lurns v. Russell Corp., 604 F. Supp. 1335, 1337 (D.C. Ala. 1984) (finding that the small number of objectors militated in favor of a finding of fairness); Luevano v. Campbell, 93 F.R.D. 68, 91 (D.D.C. 1981) ("The fact that only one-sixth of one percent of the class chose to object to the settlement is an important indication of its fairness and adequacy."). "It is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members." In re Omnivision Techs., Inc., 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2008).

    To the extent that class members have objected to the proposed Settlement Agreement, the Court

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 07-841 PA (FFMx) <br> CV 08-2021 PA (RCx) | Date | July 1, 2010 |
|---|---|---|---|
| Title | Henry Pereira, et al. v. Ralph's Grocery Co. <br> Sung Park, et al. v. Ralph's Grocery Co. | | |

finds that these objections do not warrant rejection of the Settlement. The objections raise the following challenges: (1) the class members are making a broad release of their claims in exchange for relief that is unclear and undefined; (2) the dispute resolution mechanism set forth in the Settlement Agreement reduces the rights of class members and shifts the obligation of ensuring accessibility onto individual class members; (3) certain Ralphs still have barriers to access that have not yet been removed; (4) one Ralphs store is closing; (5) the named Plaintiffs should not receive $4,000 in damages; (6) there was insufficient notice of the Settlement Agreement; (7) the entire settlement amount has not been disclosed; and (8) certain class members' names are not included in the Settlement Agreement. The Court will address these objections in turn.

      First, with regard to the clarity and definition of the relief afforded, the Court finds that the Settlement Agreement is sufficiently clear in setting forth the scope of Ralphs' obligations. The proposed Settlement Agreement provides that "all of Defendant's Stores will be inspected by independent California Certified Access Specialist Professional(s) or California Licensed Architect(s) or Contractor(s) selected by the parties." (Master Stipulation, Ex. 8 at p. 22.) Further, these inspectors will provide written reports to class counsel and Ralphs, after which Ralphs must fix all identified items that are required by law. Id. All improvements must be finished within three years from the date that the Settlement Agreement is given final approval. Id. Although the objectors contend that it is insufficient to simply state that work will be performed to the extent required by law, the Court disagrees. While the standard under Title III of the ADA may be flexible, the Settlement Agreement clearly provides that the inspections will be conducted by independent inspectors selected by both Ralphs and class counsel, and that Ralphs is required to provide written confirmation of all improvements to class counsel. Accordingly, if either class counsel or class members conclude that certain modifications are required by law but have not been made, they may utilize the dispute resolution mechanisms set forth in the Settlement Agreement to enforce the terms of the Settlement. Moreover, the extent of the class members' claim release is broad only to the extent that claims for injunctive and declaratory relief will be released; because only the named Plaintiffs are releasing their damages claims, all other class members will still be able to bring damages claims against Ralphs.

      Second, the provided dispute resolution mechanisms are reasonable. While the objectors argue that the 90-day period for Ralphs to respond to disputes regarding accessibility is too long, this argument fails to consider the alternative: If the proposed Settlement Agreement is not approved, class members will have to bring their own actions to enforce accessibility requirements, and such actions will likely take much longer than the 90-day period set forth in the Settlement Agreement to reach any resolution. As such, the 90-day period is not so unreasonable that it should prevent this Court from granting final approval to Settlement Agreement. Further, any class member who wishes to commence a damages action against Ralphs for failure to comply with accessibility requirements will have the opportunity to seek an award of attorneys' fees in that action.

**SEND**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 07-841 PA (FFMx)<br>CV 08-2021 PA (RCx) | Date | July 1, 2010 |
|---|---|---|---|
| Title | Henry Pereira, et al. v. Ralph's Grocery Co.<br>Sung Park, et al. v. Ralph's Grocery Co. | | |

Third, the objections that certain Ralphs still have specific access barriers and that one Ralphs store is closing do not merit denying approval of the Settlement Agreement. Objections that do not concern the allocation of settlement benefits among class members are given less weight where the majority of class members have not objected. Lurns v. Russell Corp., 604 F. Supp. 1335, 1337 (M.D. Ala. 1984) (citing Pettway v. Am. Cast Iron Pipe Co., 576 F. 2d 1157, 1215 (5th Cir. 1978)). Here, the Settlement Agreement provides that all the Ralphs stores will be in compliance within three years after the Settlement is granted final approval; it does not provide that Ralphs stores will be in compliance even before the fairness hearing. As such, the objection that certain Ralphs stores are not yet in compliance is without merit. Further, there is no provision in the Settlement Agreement that no Ralphs stores will close. Thus, the closure of any Ralphs stores is irrelevant to whether this Court should grant final approval to the Settlement Agreement.

Fourth, the award of $4,000 for each of the named Plaintiffs is reasonable. The $4,000 awards are not incentive awards. Rather, the awards represent the minimum statutory damages to which the named Plaintiffs would be entitled upon a showing that Ralphs violated the Unruh Act. Further, the named Plaintiffs are releasing their rights to pursue damages claims against Ralphs in the future, whereas the unnamed class members' rights to pursue damages claims remain unaffected by the Settlement Agreement. As such, the other class members will not be prejudiced by this award of damages to the named Plaintiffs.

Fifth, the objections regarding the sufficiency of the notice do not merit denying approval of the Settlement Agreement because the notice plan was reasonably calculated to reach members of the settlement class. Detailed notices were posted in English and Spanish in each of Ralphs' California stores, summary notices were published daily for 30 days in six different newspaper publications, and a website was created and maintained for the specific purpose of providing sufficient notice to the class. Notably, the objectors themselves received notice of the proposed Settlement in sufficient time to file their objections with the Court, despite their contentions that they wish they would have been notified earlier and that the Settlement is unfair to those who have not yet been notified. As such, these objections are without merit.

Finally, the objections that the entire settlement amount has not been disclosed and that certain objectors have not been specifically named in the Settlement Agreement are also without merit. The Settlement Agreement does in fact disclose the entire settlement amount, and the absence of a list of all class members is reasonable, given the size of the class.

Accordingly, the class members' objections are overruled. The Court finds that the overall reaction of the class members to the proposed Settlement Agreement favors granting final approval

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 07-841 PA (FFMx)<br>CV 08-2021 PA (RCx) | Date | July 1, 2010 |
|---|---|---|---|
| Title | Henry Pereira, et al. v. Ralph's Grocery Co.<br>Sung Park, et al. v. Ralph's Grocery Co. | | |

thereof. The Court also finds that the Settlement Agreement is fair, adequate, and free from collusion.

    **C.**    **Class Counsel's Motion for Attorneys' Fees and Costs is Reasonable**

    Class counsel seeks $593,000.00 in costs and fees. Specifically, counsel is requesting reimbursement of out-of-pocket expenses in the amount of $163,915.50 and attorneys' fees in the amount of $429,084.50. According to counsel's motion for fees, this amount represents a negative multiplier of one-third of their regular hourly rates.

    Under the Federal Rules of Civil Procedure, "[i]n a certified class action, the court may award reasonable attorneys' fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). However, "the district court must exercise its inherent authority to assure that the amount and mode of payment . . . are fair and proper." Zucker v. Occidental Petroleum Corp., 192 F.3d 1323, 1328 (9th Cir. 1999).

    Under the lodestar method, the lodestar amount is calculated by multiplying the number of hours reasonably expended by counsel by a reasonable hourly rate. Hanlon v. Chrysler Corp., 150 F.3d 1011, 1029 (9th Cir. 1998). The Supreme Court has established a "strong presumption" that lodestar fees are reasonable. City of Burlington v. Dague, 505 U.S. 557, 562 (1992). However, class counsel bears the burden of submitting detailed records documenting "the hours worked and rates claimed." Hensley, 461 U.S. at 434. The court may reduce those hours if the documentation is inadequate, the submitted hours are duplicative or inefficient, or the requested fees appear excessive or otherwise unnecessary. Id.

    The Ninth Circuit has identified a number of factors that may be relevant in determining if an attorneys' fee award is reasonable: (1) the results achieved; (2) the risks of litigation; (3) the skill required and the quality of work; (4) the contingent nature of the fee; (5) the burdens carried by class counsel; and (6) the awards made in similar cases. Vizcaino v. Microsoft Corp., 290 F.3d 1043, 1048-50 (9th Cir. 2002).

    Here, these factors militate in favor of approving counsel's request for attorneys' fees. First, the results achieved in this case were favorable. The proposed Settlement Agreement resolves all of the claims alleged in the operative complaints with respect to the requested injunctive relief. Second, the risks of continued litigation are substantial. As reflected in this Court's previous finding that Plaintiffs' ADA claims are moot, there is a substantial likelihood that the class may not recover more than that provided by the proposed Settlement Agreement. Third, the skill required from counsel in this case was significant, given the nature of the claims at issue and the quality of work performed by opposing counsel. Fourth, counsel took this case on a contingent fee basis and therefore has not received any payment to date for their efforts in prosecuting these actions. Fifth, counsel invested over 2800 attorney

**SEND**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 07-841 PA (FFMx) <br> CV 08-2021 PA (RCx) | Date | July 1, 2010 |
|---|---|---|---|
| Title | Henry Pereira, et al. v. Ralph's Grocery Co. <br> Sung Park, et al. v. Ralph's Grocery Co. | | |

and paralegal hours on this case during the course of four years, including time spent during the appeal to the Ninth Circuit.

Turning to a calculation of the applicable lodestar, class counsel's request for $429,084.50 in attorneys' fees is based on hourly rates ranging from $240 to $700 per hour, and a total of 2881.25 hours of work performed thus far, excluding any time that will be spent preparing for and attending the final approval hearing. The Court finds that counsel's hourly rates are consistent with the prevailing rates for attorneys in ADA litigation matters. The Court also finds that the number of hours billed is reasonable, given the procedural posture of this case, the size of the class involved, and the scope of the relief afforded. The total lodestar amount based on counsel's regular hourly rates and time expended thus far is $649,037.00. However, the award that counsel seeks is approximately two-thirds of the lodestar. As such, the Court finds that class counsel's request for attorneys' fees is reasonable. Given that there do not seem to be any irregularities in counsel's request for $124,677.09 in expenses, the Court also awards class counsel their requested reimbursement of out-of-pocket expenses.

### Conclusion

Based on the balance of the foregoing factors, the Court finds that Plaintiffs have met their burden of demonstrating the fairness, reasonableness, and adequacy of the proposed Settlement Agreement. The injunctive and declaratory relief claims in both the Pereira and Park actions shall be dismissed with prejudice as to the named Plaintiffs and all other class members. The named Plaintiffs' claims for monetary damages are also dismissed with prejudice. The monetary damages claims are dismissed without prejudice as to all other class members. Ralphs' Request for Judicial Notice is denied as moot.

IT IS SO ORDERED.